# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-09-00530-CR

**The State of Texas, Appellant**

**v.**

**Jed Jordan, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY
### NO. C-1-CR-08-210341, HONORABLE JAN BRELAND, JUDGE PRESIDING

### O P I N I O N

The State appeals an order suppressing evidence in a prosecution for driving while intoxicated. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 2009). On June 6, 2008, a search warrant was issued authorizing the taking of a sample of appellee Jed Jordan's blood to test for alcohol concentration. *See id*. art. 18.02(10) (West 2005); *see also Gentry v. State*, 640 S.W.2d 899, 902 (Tex. Crim. App. 1982) (holding that blood is item of evidence for which search warrant may issue); *Beeman v. State*, 86 S.W.3d 613, 616 (Tex. Crim. App. 2002) (holding that implied consent law does not prohibit drawing blood pursuant to search warrant). Jordan moved to suppress the test result on the ground that the search warrant affidavit failed to state probable cause. After a hearing consisting of arguments by counsel, the motion was granted. We affirm the order.

A warrant to search for and seize items constituting evidence of an offense or tending to show that a particular person committed an offense must be supported by an affidavit containing facts sufficient to give the issuing magistrate probable cause to believe that: (1) a specific offense has been committed, (2) the items to be searched for and seized constitute evidence of that offense or that a particular person committed that offense, and (3) the items are located at or on the particular person, place, or thing to be searched. Tex. Code Crim. Proc. Ann. art. 18.01(c) (West Supp. 2009). A search warrant affidavit must be interpreted in a common sense and realistic manner, recognizing that reasonable inferences may be drawn from the affidavit. *Hespeth v. State*, 249 S.W.3d 732, 737 (Tex. App.—Austin 2008, pet. ref'd). A reviewing court—which means in this case both the county court at law and this Court—must give the issuing magistrate's determination of probable cause great deference, and the decision to issue the warrant will be sustained if the magistrate had a substantial basis for concluding that probable cause was shown. *Illinois v. Gates*, 462 U.S. 213, 236-37 (1983); *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004); *State v. Davila*, 169 S.W.3d 735, 738 (Tex. App.—Austin 2005, no pet.).

The search warrant affidavit in this case was prepared by Sergeant K. Suitt of the Austin Police Department. The affidavit states, in pertinent part:

I am a peace officer of the State of Texas, to wit: a Police Officer for the City of Austin in Travis County, Texas, and I have good reason to believe that heretofore, on or about the 6th day of June, 2008 in the County of Travis and State of Texas, Jed Jordan White/Male born 06-14-1984, did then and there commit an offense relating to the operation of a motor vehicle while intoxicated namely:

DRIVING WHILE INTOXICATED—(OFFENSE LEVEL A)

Affiant has probable cause for said belief by reason of the following facts:

2

My belief of the forgoing statement is based upon information provided to me by Officer R. Gilbert an officer working for Austin PD who personally observed such offense.

Officer M. Forshee observed the aforesaid accused driving 2006 SCHW motorcycle upon 500 blk East 7th Street, a public place in Austin, Travis County, TX

Officer M. Forshee stopped the said accused for the following reasons; drove wrong way on a one way (westbound on E 7th which is eastbound only).

. . .

Officer R. Gilbert observed the said accused at the scene of said offense and formed the opinion the said accused was intoxicated based upon the following conditions exhibited by the said accused[:]

[The affidavit describes Jordan's general appearance and behavior and the results of the standard field sobriety tests, all of which were indicative of intoxication. It states that Jordan was not in possession of alcohol, but that he admitted drinking two bottles of beer. It also states that Jordan has a previous conviction in Harris County for driving while intoxicated.]

Officer R. Gilbert has seen intoxicated persons on many occasion in the past. Based on all of the above and his experience and training, Officer R. Gilbert determined that the suspect did not have the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body, and placed the suspect under arrest for Driving While Intoxicated. Officer R. Gilbert requested a sample of the suspect's breath and/or blood, which the suspect refused to provide.

The affidavit goes on to state that Jordan was being held at central booking and that his blood would constitute evidence of the driving while intoxicated offense. The affidavit was signed on June 6, 2008, at an unspecified time. The search warrant was signed and issued by the magistrate at 3:54 a.m. on June 6, 2008. The blood sample was drawn at 4:20 a.m. that morning.[1]

---

[1] The State's brief states that the blood test showed a .23 alcohol concentration, but this fact does not appear in the record. The information alleges intoxication in terms of impairment; it does not

Jordan has never contended that the facts stated in the affidavit were insufficient to give the magistrate probable cause to believe that he had been driving while intoxicated. Jordan argued below and continues to argue, however, that because the affidavit did not state the date and time when those facts arose, the affidavit was not sufficient to give the magistrate probable cause to believe that Jordan's blood would constitute evidence of his guilt at the time the warrant issued. *See Mata v. State*, 46 S.W.3d 902, 909 (Tex. Crim. App. 2001) (describing how body absorbs and eliminates alcohol). The trial court concluded that it was reasonable to infer that the facts arose on June 6, 2008, but agreed with Jordan that the affidavit was inadequate because it did not state the time when the critical observations were made. The State argues that because the warrant issued at 3:54 a.m. on June 6, the maximum amount of time that could have elapsed between the stop and the issuance of the warrant was three hours and fifty-four minutes. The State urges that it was therefore reasonable for the issuing magistrate to infer that appellant's blood would still contain some evidence of intoxication when the warrant issued.

The State relies on the opinion in *State v. Dugas*, 296 S.W.3d 112 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). In that case, also a prosecution for driving while intoxicated, the search warrant affidavit stated as a fact that the traffic offense giving rise to the defendant's arrest took place on March 15, 2008. *Id*. at 114. The search warrant was issued at 6:03 a.m. that day. *Id*. at 115. The court of appeals concluded that because no more than six hours elapsed between the offense and the issuance of the warrant, "it was [not] unreasonable for the

---

allege intoxication per se. *See* Tex. Penal Code Ann. § 49.01(2) (West 2003).

magistrate to presume that there still would be some evidence of intoxication found in [the defendant's] blood when the warrant was signed." *Id*. at 118.

The State's argument is premised on the assertion in its brief that "it is undisputed that both the offense and the issuance of the warrant occurred on the same day, June 6." But this fact *is* disputed. Jordan has consistently argued that the affidavit did not give the magistrate a substantial basis for concluding that he was stopped and arrested on June 6. We are compelled to agree with Jordan.

Suitt's statement in his affidavit that "I have good reason to believe that heretofore, on or about the 6th day of June, 2008 in the County of Travis and State of Texas, Jed Jordan . . . did then and there commit" the offense of driving while intoxicated was not a statement of fact; it was merely a statement of the officer's belief. A police officer's conclusion that a crime has been committed does not give a magistrate a substantial basis for determining that probable cause exists. *See Gates*, 462 U.S. at 239; *Davila*, 169 S.W.3d at 739-40. It is the facts giving rise to the officer's suspicion that are determinative, and the affidavit in this case was completely silent as to the date and time when Jordan was stopped by Forshee and observed by Gilbert, and when Gilbert passed on his information to Suitt. Therefore, although the facts contained in the affidavit were sufficient to warrant the conclusion that Jordan had been driving while intoxicated on some date, the affidavit contained no facts from which a reasonable inference could be drawn as to what that date was. In what is a critical distinction from *Dugas*, the affidavit in this case did not state that the offense took place on June 6. Nor can it be reasonably inferred that the offense occurred on June 6 from the mere

5

fact that the warrant was requested that date. Thus, there is no basis for the State's argument that the warrant was sought less than four hours after the offense was committed.**²**

The affidavit in this case is analogous to the search warrant affidavit held insufficient in *Schmidt v. State*, 659 S.W.2d 420 (Tex. Crim. App. 1983). The affiant in that case, a police officer, stated that he believed, based on information received from an informer, that the suspect possessed cocaine on or about a certain date. *Id*. at 421. The affidavit failed to state, however, when the incident described by the informer took place. *Id*. The court of criminal appeals held that the facts stated in the affidavit did not give the magistrate a basis for concluding that the information was still fresh, and thus the affidavit did not support the magistrate's conclusion that probable cause existed at the time the warrant was sought. *Id*. The opinion in *Schmidt* contradicts any argument that a police officer's statement that he believes that events occurred on or about a certain date, without any facts to support that belief, is sufficient to support an inference that the events did occur on that date.

Although the officers involved in this case may well have acted promptly to obtain the search warrant, we cannot ignore the affidavit's silence regarding the crucial matter of date and time. "It is one thing to draw reasonable inferences from information clearly set forth within the four corners of an affidavit. . . . It is quite another matter to read material information into an affidavit that does not otherwise appear on its face." *Cassias v. State*, 719 S.W.2d 585, 590 (Tex.

---

**²** We express no opinion as to whether the warrant would have been timely under those circumstances. We also express no opinion as to whether a statement that the pertinent events took place "on or about" a certain date is sufficient to warrant an inference that the events actually took place on that date. We agree with the trial court that when an affiant is seeking a warrant to take blood for the purpose of testing for alcohol concentration, a precise statement of the relevant times is advisable.

Crim. App. 1986). The magistrate could not infer that Jordan had been stopped and arrested on June 6 merely because the warrant was being sought on June 6.

Even under the deferential standard applied when reviewing a magistrate's probable cause finding, the affidavit in this case did not warrant the conclusion that Jordan's blood would constitute evidence of the driving while intoxicated offense because there were no facts from which the magistrate could reasonably infer that the time that had elapsed was sufficiently short to justify the belief that alcohol would still be in Jordan's blood. The trial court's order suppressing the result of the blood test is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed:  June 17, 2010

Publish