

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00030-CR

SAMUEL DAVID FARHAT                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

------------

## OPINION

----------

### I. INTRODUCTION

Appellant Samuel David Farhat appeals his conviction for the Class B misdemeanor offense of driving while intoxicated (DWI). In a single point, Farhat argues that the trial court erred by denying his motion to suppress blood evidence seized with a warrant. Farhat argues that the affidavit underlying the search warrant is insufficient because it did not provide the magistrate with a

substantial basis for concluding that probable cause existed that he was intoxicated. We will reverse and remand.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On January 11, 2008, at approximately 12:50 a.m., Corporal Patrick Finley of the Highland Village Police Department was traveling eastbound on Justin Road in Denton County, Texas, when he observed Farhat's vehicle traveling in the opposite direction at ten miles per hour below the posted speed limit of forty miles per hour. Corporal Finley made a u-turn, followed Farhat's vehicle for approximately one-half mile, and observed the vehicle weave from side to side and signal a right-hand turn before turning left into a KFC restaurant's parking lot. The officer initiated a stop in the KFC parking lot.

When Corporal Finley approached the driver's window, he noticed two pill bottles in the center console. Farhat refused to perform any sobriety tests, so Corporal Finley placed him under arrest. Corporal Finley then prepared a sworn affidavit for a blood-draw search warrant, and the magistrate subsequently signed a search warrant based on the affidavit.

The affidavit in support of the blood warrant states, in total,

On 01-11-2008 at approximately 0050 hours, I, Cpl. Finley #516 was driving eastbound in the 1900 block of Justin road and visually observed a vehicle turning from Sellmeyer onto Justin road. I turned around at the light and started westbound when I could see a vehicle driving very slow approximately 30 miles an hour in a 40 mile per hour zone. I pulled my patrol vehicle behind the vehicle a silver BMW with dealer plates. The vehicle was weaving from sided [sic] to side and continued for about a half a mile in the left lane. As the vehicle approached the KFC parking lot the vehicle turned on the

2

right turn signal and crossed over the left lane into the parking lot. I activated my overhead lights and conducted a traffic stop in the parking lot at 2180 Justin road KFC. I noticed two pill bottles in the center console and asked where the driver later identified as Farhat, Samuel David, A/M DOB 05-04-1966 the defendant [sic]. I asked the defendant to step out of the vehicle to check to see if he was ok to drive. The defendant refused to do any road side test and was placed in double locked properly spaced handcuffs.

Farhat was charged by information with DWI. He filed a pretrial motion to suppress the blood evidence, alleging that the affidavit supporting the search warrant was legally insufficient. After a hearing, the trial court denied Farhat's motion. Farhat pleaded no contest. The trial court sentenced him to 160 days' confinement, probated for eighteen months, and a fine of $600.

Farhat requested that the trial court make findings of fact and conclusions of law concerning its suppression ruling; the trial court entered the following:

<u>FINDINGS OF FACT</u>

At about 12:50AM on January 11, 2009, Corporal Patrick Finley of the City of Highland Village Police Department was [traveling] westbound in the 1900 block of Justin Road in Denton County, Texas when he observed a vehicle traveling at 30 MPH in a 40 MPH zone. He further observed that the vehicle weaving from side to side and travelled in the left lane of traffic (a reasonable interpretation being that he was driving in the wrong lane, to wit: the oncoming lane) for approximately one-half a mile. The Officer stopped the vehicle, identified as a BMW with dealer plates, in a parking lot at 2180 Justin Road. Upon contacting the driver, the Officer observed two pill bottles in the console, and asked the driver, identified as Samuel David Farhat to step out of the vehicle. The driver refused to participate in roadside tests to determine intoxication. The Officer, suspecting the driver may be intoxicated, based on the erratic driving behavior, the pills in the console, and the Officer's opportunity to personally observe the driver, subsequently placed the driver under arrest. Corporal Finley further sought and obtained a search warrant for the driver's blood from a qualified magistrate.

3

<u>CONCLUSIONS OF LAW</u>

Viewing the issuing magistrate's determination in a reasonable, commonsense, and realistic manner, the four corners of the affidavit provided sufficient probable cause to issue a warrant for seizure of the defendant's blood.

## III. MOTION TO SUPPRESS

In his sole point, Farhat argues that the trial court erred by denying his motion to suppress because Corporal Finley's affidavit did not provide a substantial basis for the magistrate to conclude that probable cause existed to support the issuance of the blood-draw search warrant.

### A. Standard of Review and Law on Search Warrant Affidavits

The police may obtain a defendant's blood for a DWI investigation through a search warrant. *Beeman v. State*, 86 S.W.3d 613, 616 (Tex. Crim. App. 2002); *see* Tex. Code Crim. Proc. Ann. art. 18.01(j) (Vernon Supp. 2010); *State v. Johnston*, 305 S.W.3d 746, 750 (Tex. App.—Fort Worth 2009, pet. stricken). A search warrant cannot issue unless it is based on probable cause as determined from the four corners of an affidavit. U.S. Const. amend. IV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 18.01(b) ("A sworn affidavit . . . establishing probable cause shall be filed in every instance in which a search warrant is requested."); *Nichols v. State*, 877 S.W.2d 494, 497 (Tex. App.—Fort Worth 1994, pet. ref'd).

Under the Fourth Amendment and the Texas constitution, an affidavit supporting a search warrant is sufficient if, from the totality of the circumstances

4

reflected in the affidavit, the magistrate was provided with a substantial basis for concluding that probable cause existed. *Swearingen v. State*, 143 S.W.3d 808, 810–11 (Tex. Crim. App. 2004); *Nichols*, 877 S.W.2d at 497. Article 18.01(c) requires an affidavit to set forth facts establishing that (1) a specific offense has been committed, (2) the item to be seized constitutes evidence of the offense or evidence that a particular person committed the offense, and (3) the item is located at or on the person, place, or thing to be searched. Tex. Code Crim. Proc. Ann. art. 18.01(c); *see Tolentino v. State*, 638 S.W.2d 499, 501 (Tex. Crim. App. [Panel Op.] 1982). Probable cause for a search warrant exists if, under the totality of the circumstances presented to the magistrate in an affidavit, there is at least a "'fair probability'" or "'substantial chance'" that contraband or evidence of a crime will be found at the specified location. *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010) (quoting *Illinois v. Gates*, 462 U.S. 213, 238, 257 n.13, 103 S. Ct. 2317, 2332, 2342 n.13 (1983)). The affidavit must contain "sufficient information" to allow the issuing magistrate to determine probable cause because the magistrate's action "cannot be a mere ratification of the bare conclusions of others." *Gates*, 462 U.S. at 239, 103 S. Ct. at 2333. In order to ensure that such an abdication of the magistrate's duty does not occur, courts are to "conscientiously review the sufficiency of affidavits on which warrants are issued." *Id*.

When reviewing a magistrate's decision to issue a warrant, we apply a deferential standard in keeping with the constitutional preference for a warrant.

*Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007); *Swearingen*, 143 S.W.3d at 810–11; *Emenhiser v. State*, 196 S.W.3d 915, 924–25 (Tex. App.— Fort Worth 2006, pet. ref'd). No magical formula exists for determining whether an affidavit provides a substantial basis for a magistrate's probable cause determination. *Tolentino*, 638 S.W.2d at 501. Instead, when a court reviews an issuing magistrate's determination, the court should interpret the affidavit in a commonsense and realistic manner, recognizing that the magistrate may draw reasonable inferences. *See Rodriguez*, 232 S.W.3d at 61 ("When in doubt, we defer to all reasonable inferences that the magistrate could have made."); *see also Davis v. State*, 202 S.W.3d 149, 154 (Tex. Crim. App. 2006); *Nichols*, 877 S.W.2d at 498. Nevertheless, a magistrate should not read into an affidavit material information that does not otherwise appear on its face. *Cassias v. State*, 719 S.W.2d 585, 590 (Tex. Crim. App. 1986); *State v. Jordan*, 315 S.W.3d 660, 664 (Tex. App.—Austin 2010, pet. granted). A magistrate should not have to resort so much to inferences and "common sense" conclusions that skirt the boundaries of what constitutes a substantial basis; when too many inferences must be drawn, the result is a tenuous rather than a substantial basis for the issuance of a warrant. *Davis*, 202 S.W.3d at 157.

## B. Affidavit Did Not Provide
## Substantial Basis for Concluding that Probable Cause Existed

The four corners of Corporal Finley's affidavit demonstrate that:

(1) Farhat was driving thirty miles per hour in a forty-mile-per-hour zone at approximately 12:50 a.m.;

6

(2) he was weaving from side to side;

(3) he continued in the left lane for about one-half mile;

(4) he turned on his right-turn signal but turned left into a KFC restaurant's parking lot;

(5) the officer, upon stopping Farhat, saw two pill bottles in the center console of Farhat's vehicle;

(6) Farhat refused field sobriety tests; and

(7) Corporal Finley believed that Farhat had committed DWI.

For the reasons set forth below, we hold that the affidavit does not provide the magistrate with a substantial basis to conclude that probable cause existed. *See Swearingen*, 143 S.W.3d at 810–11; *Tolentino*, 638 S.W.2d at 501. In other words, we hold that the meager facts contained within the four corners of the affidavit did not provide the magistrate with a substantial basis to conclude that there was a fair probability or substantial chance that Farhat had committed the offense of DWI or that evidence of intoxication would be found in Farhat's blood. *See* Tex. Code Crim. Proc. Ann. art. 18.01(c)(1); *Flores*, 319 S.W.3d at 702 (quoting *Gates*, 462 U.S. at 238, 257 n.13, 103 S. Ct. at 2332, 2342 n.13).

The trial court's findings of fact state that Corporal Finley suspected Farhat of DWI "based on the erratic driving behavior, the pills in the console, and *the Officer's opportunity to personally observe the driver*." [Emphasis added.] But the affidavit contains no mention of what those personal observations were. *Cf., e.g., Cotton v. State*, 686 S.W.2d 140, 142 (Tex. Crim. App. 1985) (evidence of intoxication may include the odor of alcohol on one's breath or body, bloodshot

7

eyes, slurred speech, unsteady balance, and a staggered gait); *Campos v. State*, 623 S.W.2d 657, 660 (Tex. Crim. App. 1981) (smell of beer on defendant and defendant's "thick-tongued" speech and unsteadiness on his feet); *Stratton v. State*, No. 09-09-00220-CR, 2010 WL 2696158, at *2 (Tex. App.—Beaumont July 7, 2010, no pet.) (mem. op., not designated for publication) (defendant had strong odor of alcohol on his breath, had red, glassy eyes, was heavy footed, and was thick-tongued); *State v. Dugas*, 296 S.W.3d 112, 117 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (defendant smelled of alcohol, had slurred speech, was unsteady on his feet, admitted to consuming alcohol, failed multiple field sobriety tests, and became dazed and confused); *Martin v. State*, No. 02-08-00128-CR, 2009 WL 2414294, at *3 (Tex. App.—Fort Worth August 6, 2009, no pet.) (mem. op., not designated for publication) (defendant was involved in automobile crash, fled the scene, walked and talked in a manner that led officers to believe he was very intoxicated, and was combative toward officers). "It is one thing to draw reasonable inferences from information clearly set forth within the four corners of the affidavit . . . [but] it is quite another matter to read material information into an affidavit that does not otherwise appear on its face." *Cassias*, 719 S.W.2d at 590 (citation omitted); *Jordan*, 315 S.W.3d at 664. Because the affidavit is totally devoid of any of the officer's specific personal observations of Farhat, the affidavit contains no facts within its four corners from which the magistrate could have reasonably inferred from Farhat's demeanor, behavior, or appearance that there was fair probability or substantial chance that Farhat had

8

committed the offense of DWI or that evidence of intoxication would be found in Farhat's blood. *See Rodriguez*, 232 S.W.3d at 61; *cf. Flores*, 319 S.W.3d at 702 (quoting *Gates*, 462 U.S. at 238, 257 n.13, 103 S. Ct. at 2332, 2342 n.13). The magistrate's probable cause determination cannot be a mere ratification of Corporal Finley's conclusions. *See Gates*, 462 U.S. at 239, 103 S. Ct. at 2333.

And contrary to the trial court's finding that the officer saw "pills in the console" of Farhat's vehicle, the affidavit states only that the officer saw two *pill bottles* in the center console. The affidavit does not state that the bottles actually contained pills, and even if a reasonable inference could be drawn that the bottles did contain pills, the affidavit was silent as to the type of pill bottles, whether they were prescription or over-the-counter medicine bottles, whether Farhat admitted to consuming pills from the bottles, or whether Farhat's demeanor or appearance suggested that he had consumed them. *Cf., e.g., Bailey v. State*, No. 10-06-00297-CR, 2008 WL 2687094, at *2 (Tex. App.—Waco July 9, 2008, no pet.) (mem. op., not designated for publication) (holding probable cause established when defendant wrecked her car into a ditch, had several prescription pill bottles in the car, admitted to taking three pills, and failed three sobriety tests); *Dennis v. State*, No. 08-01-00207-CR, 2002 WL 1301577, at *4 (Tex. App.—El Paso June 13, 2002, no pet.) (not designated for publication) (holding that sufficient evidence of intoxication existed when appellant's speech was slurred, balance was unsteady, and reactions were slow, and when fifteen to twenty prescription pill bottles were found in his car). The naked assertion of

9

"two pill bottles," without other facts and circumstances pointing to intoxication, cannot support an inference that the bottles contained intoxicating pills or that Farhat had consumed them, causing intoxication. *See Jordan*, 315 S.W.3d at 664 (holding that even though affidavit supported conclusion that defendant had been driving while intoxicated on some date, affidavit's missing date left no fact from which magistrate could infer date).

Farhat's driving behavior—driving ten miles per hour below the forty miles-per-hour speed limit, weaving from side to side, and turning on his right-turn signal before turning the opposite direction into the parking lot—and his refusal to perform field sobriety tests are part of the totality of the circumstances to consider in determining whether the magistrate had a substantial basis for concluding probable cause existed. *See*, *e.g., Maxwell v. State*, 253 S.W.3d 309, 314 (Tex. App.—Fort Worth 2008, pet. ref'd) (considering defendant's refusal to perform field sobriety tests, weaving within lane, failing to use turn signal, and speeding as part of totality of circumstances for probable cause to arrest); *State v. Garrett*, 22 S.W.3d 650, 654–55 (Tex. App.—Austin 2000, no pet.) (considering defendant's unlawful and erratic driving behavior and refusal to perform field sobriety tests, along with other facts, in determining that officers had probable cause to arrest). We cannot agree with the trial court's finding that a reasonable interpretation of Corporal Finley's statement in his affidavit that Farhat "continued for about a half a mile in the left lane" was that Farhat "was driving in the wrong lane, to wit: the oncoming traffic." Why would an officer

10

follow a vehicle that is driving into oncoming traffic for half a mile without immediately turning on his patrol vehicle's overhead lights and executing a stop? The affidavit clearly demonstrates that Corporal Finley did not activate his overhead lights during that one-half mile; he waited until after Farhat turned into the KFC parking lot to initiate a stop. Thus, the magistrate could not have reasonably inferred from or read into the affidavit that "continu[ing] for about a half a mile in the left lane" meant "driving in the wrong lane, to wit: the oncoming traffic." *See Davis*, 202 S.W.3d at 157; *Cassias*, 719 S.W.2d at 590.

The remaining facts contained in the affidavit show that Farhat was driving ten miles below the speed limit shortly before 1:00 a.m., that he "was weaving from sided [sic] to side," that he turned on his right-turn signal before turning the opposite direction into the parking lot, and that he refused field sobriety tests. We do not know from the affidavit the extent of Farhat's weaving or whether he was weaving outside of his lane or into oncoming traffic nor is it reasonable to infer such facts. *Cf.*, *e.g.*, *Hernandez v. State*, 983 S.W.2d 867, 870 (Tex. App.—Austin 1998, pet. ref'd) (holding that defendant's slow swerve into another same-direction lane did not give rise to lower standard of reasonable suspicion to stop for suspicion of DWI); *State v. Tarvin*, 972 S.W.2d 910, 912 (Tex. App.—Waco 1998, pet. ref'd) ("Although mere weaving in one's own lane of traffic can justify an investigatory stop when that weaving is erratic, unsafe, or tends to indicate intoxication or other criminal activity, there is nothing in the record to show that Hill believed any of the above to be the case."). This case is about

11

probable cause for a blood draw, not whether Corporal Finley had reasonable suspicion to stop Farhat, and we cannot see how the facts contained within the affidavit, and reasonable inferences therefrom, establish that there was a fair probability or substantial chance that evidence of intoxication would be found in Farhat's blood. *Cf. Flores*, 319 S.W.3d at 702 (quoting *Gates*, 462 U.S. at 238, 257 n.13, 103 S. Ct. at 2332, 2342 n.13). Too many inferences must be drawn and too many facts must be read into the affidavit in this case, which result in at most "a tenuous rather than a substantial basis" for the issuance of a warrant. *Davis*, 202 S.W.3d at 157; see *Cassias*, 719 S.W.2d at 590.

The State relies heavily on *Rodriguez* to argue that the combined logical force of the facts actually contained in Corporal Finley's affidavit substantiates the probable cause determination of the magistrate. *See* 232 S.W.3d at 64 (holding that the only issue was whether the facts actually contained in the affidavit were sufficient to establish a fair probability that evidence of a crime would be found). However, *Rodriguez* turned on two simple and reasonable inferences that did not distort common sense *or require reading additional facts into the affidavit*. *See id.* (explaining that magistrate could infer (1) that package of cocaine found in backseat of car belonging to appellant's uncle was the same package that police saw appellant's uncle take from garage and throw in the backseat and (2) that, based on this fact, more drugs were located in that garage). In the instant case, the only way to make inferences that would support a finding that a substantial basis existed to support a probable cause

12

determination is to read additional facts into the affidavit and to then draw inferences from those additional facts. We recognize that affidavits are often drafted by nonlawyers, in the midst and haste of a criminal investigation, but that does not excuse the affiant from the requirement that the facts set forth in the four corners of the affidavit must show that there is probable cause to issue a search warrant. *See id.* at 63–64.

Based on the facts contained within the four corners of the affidavit and any reasonable inferences therefrom, according deference to the magistrate's probable cause determination, and conscientiously reviewing the totality of the circumstances set forth in the affidavit, we hold that the magistrate did not have a substantial basis for concluding that there was a fair probability or substantial chance that Farhat had committed the offense of DWI or that evidence of intoxication would be found in Farhat's blood. *See* Tex. Code Crim. Proc. Ann. art. 18.01(c); *Gates*, 462 U.S. at 239, 103 S. Ct. at 2333; *Rodriguez*, 232 S.W.3d at 60; *Swearingen*, 143 S.W.3d at 810–11; *Tolentino*, 638 S.W.2d at 501. That is, focusing on the combined logical force of the facts that are contained in the affidavit and the reasonable inferences therefrom, the affidavit did not provide the magistrate with a substantial basis for concluding that probable cause existed. *See* Tex. Code Crim. Proc. Ann. art. 18.01(c); *Tolentino*, 638 S.W.2d at 501. Accordingly, we hold that the trial court erred by denying Farhat's motion to suppress.

13

## C. Harm Analysis

Having found error, we must conduct a harm analysis to determine whether the error calls for reversal of the judgment. Tex. R. App. P. 44.2. Because the error involved is of constitutional magnitude, we apply rule 44.2(a) and reverse unless we determine beyond a reasonable doubt that the error did not contribute to Farhat's conviction or punishment. *See* Tex. R. App. P. 44.2(a); *Hernandez v. State*, 60 S.W.3d 106, 108 (Tex. Crim. App. 2001). The question is whether the trial court's error in denying Farhat's motion to suppress was harmless beyond a reasonable doubt. *See Williams v. State*, 958 S.W.2d 186, 194 (Tex. Crim. App. 1997). In applying the "harmless error" test, our primary question is whether there is a "reasonable possibility" that the error might have contributed to the conviction. *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999).

The only evidence that Farhat was intoxicated came from the results of a blood test, obtained in violation of Farhat's constitutional protection against unreasonable search and seizure. We are thus unable to determine beyond a reasonable doubt that the trial court's error in denying Farhat's motion to suppress did not contribute to Farhat's conviction or punishment for DWI. *See Williams*, 958 S.W.2d at 195. We sustain Farhat's sole point.

14

## IV. CONCLUSION

Having sustained Farhat's sole point, we reverse the trial court's order denying his motion to suppress and remand to the trial court for further proceedings consistent with this opinion.

SUE WALKER
JUSTICE

PANEL:  DAUPHINOT, WALKER, and GABRIEL, JJ.

PUBLISH

DELIVERED:  January 6, 2011