

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00086-CR

MICHAEL RAY BONDS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

### FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

----------

## OPINION

----------

### I. INTRODUCTION

In a single issue, Appellant Michael Ray Bonds asserts that the trial court erred by denying his motion to suppress evidence seized pursuant to a search warrant. The affidavit supporting the search warrant articulates probable cause for a search of 401 Barker Street, Bowie, Montague County, Texas. But the search warrant was not executed at 401 Barker Street. It was executed at a neighboring home, and no probable cause existed to search that residence.

Accordingly, we will reverse the trial court's judgment and remand this case to the trial court.

## II. FACTUAL BACKGROUND

On August 5, 2008, Texas Department of Public Safety Officer Jeff Ashburn prepared an affidavit for a search warrant. The affidavit described the place to be searched as

> [a] single story residence located at 401 Barker Street, Bowie, Montague County, Texas. Said residence is a white wooden framed residence with a grey composition shingle roof with the front of the residence facing south. Said residence has two (2) windows facing towards Barker Street. In addition, the property has a detached garage northwest of said residence. The garage has a large white utility door facing towards Barker Street. Parked east of the garage is a small white and blue camper trailer.

The affidavit stated that Bonds was in charge of the residence. The affidavit stated that the affiant "charge[d] and accuse[d]" Bonds of possessing and concealing, at the suspected place,

> [d]rugs and/or chemicals kept, prepared, or manufactured in violation of the law of the State of Texas, to wit: Possession of Controlled Substance in Penalty Group 1, (Methamphetamine) (Cocaine) . . . [;] drug paraphernalia and evidence of methamphetamine and cocaine distribution including, but not limited to, scales for weighing drugs; containers, packaging materials, and other paraphernalia commonly used to package methamphetamine and cocaine for distribution in non-bulk, individualized use units; papers or records, documentary and electronic, indicating sales, purchases, and customers for methamphetamine and cocaine distribution.

The affidavit explained that Officer Ashburn possessed probable cause for his belief that the above items could be found at 401 Barker Street "by reason of the following facts":

2

• A confidential informant told Officer Ashburn in November 2007 that he had observed Bonds in possession of methamphetamine and had observed methamphetamine at Bonds's residence "located at Texas State Highway 59 and Barker Street in Bowie, Montague County, Texas."

• Officer Ashburn transported the confidential informant to Bonds's residence, "which [Officer Ashburn] identified as 401 Barker Street, Bowie, Montague County, Texas."

• The confidential informant picked Bonds out of a photo line-up as the person from whom he had "conducted a controlled purchase of methamphetamine."

• "Based on records maintained by the Texas Department of Public Safety, Bonds lists 401 Barker Street, Bowie, Montague County, Texas for Texas Driver License [number omitted]."

• On May 27, 2008, Officer Ashburn "obtained care custody and control of refuse that had been discarded and left for collection at the said residence, 401 Barker Street, Bowie, Montague County, Texas." Officer Ashburn conducted a thorough examination of the contents and documented the following items:

> - one melted glass smoking pipe containing a white powder residue, which was submitted and analyzed by the Texas Department of Public Safety Crime Laboratory and identified as cocaine, and

> - one Mastercard credit card application addressed to Bonds at 401 Barker Street, Bowie, Texas.

• On July 15, 2008 and August 5, 2008, Officer Ashburn conducted additional garbage searches of refuse "left for collection at the said residence, 401 Barker Street, Bowie, Montague County, Texas" and documented the discovery of other drug-related items.

Based on Officer Ashburn's affidavit, the magistrate issued a warrant to search 401 Barker Street, Bowie, Montague County, Texas and to seize the items listed in the affidavit.

The record from the suppression hearing establishes, however, that 401 Barker Street was not the residence where the search warrant was executed.

3

Instead, police searched a home next door to 401 Barker Street. At the suppression hearing, photos of the neighboring residences were introduced into evidence. The photos showed that the home that was searched bore an address placard for 422 Cowan on the front of that home and had a brown roof, rather than a grey composition shingle roof as stated in the affidavit, and showed that the neighboring home bore the numbers "401" on the front. Officer Ashburn identified the home searched and agreed that the neighboring home, a prefabricated home with a grey composition shingle roof, bore the numbers 401 on the front of the home. Officer Ashburn explained that the address placard for 422 Cowan that was pictured on the front of the home that was actually searched had been placed there since the search.

### III. STANDARD OF REVIEW AND LAW ON SEARCH WARRANT AFFIDAVITS

The Fourth Amendment to the United States Constitution requires that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized." U.S. Const. amend. IV. Likewise, Texas Code of Criminal Procedure article 18.01(c) requires a probable cause affidavit to set forth facts establishing that (1) a specific offense has been committed, (2) the item to be seized constitutes evidence of the offense or evidence that a particular person committed the offense, and (3) the item is located at or on the person, place, or thing to be searched. Tex. Code Crim. Proc. Ann. art. 18.01(c) (West Supp. 2011); *see Tolentino v. State*, 638 S.W.2d 499, 501 (Tex. Crim. App. [Panel Op.]

4

1982).  Thus, a search warrant must be based on probable cause set forth in an affidavit and must particularly describe the place to be searched.  U.S. Const. amend. IV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 18.01(b), (c); *Rios v. State*, 901 S.W.2d 704, 706 (Tex. App.—San Antonio 1995, no pet.) (recognizing that both the Texas constitution and the code of criminal procedure require that a search warrant describe the place to be searched).

Concerning the probable cause requirement of the affidavit, under the Fourth Amendment and the Texas constitution, an affidavit supporting a search warrant is sufficient if, from the totality of the circumstances reflected in the affidavit, the magistrate was provided with a substantial basis for concluding that probable cause existed.  *Swearingen v. State*, 143 S.W.3d 808, 810–11 (Tex. Crim. App. 2004); *Nichols v. State*, 877 S.W.2d 494, 497 (Tex. App.—Fort Worth 1994, pet. ref'd).  Probable cause for a search warrant exists if, under the totality of the circumstances presented to the magistrate in an affidavit, there is at least a "'fair probability'" or "'substantial chance'" that contraband or evidence of a crime will be found at the specified location.  *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010) (quoting *Illinois v. Gates*, 462 U.S. 213, 238, 257 n.13, 103 S. Ct. 2317, 2332, 2342 n.13 (1983)).  The affidavit must contain "sufficient information" to allow the issuing magistrate to determine probable cause because the magistrate's action "cannot be a mere ratification of the bare conclusions of others."  *Gates*, 462 U.S. at 239, 103 S. Ct. at 2333; *Morris v. State*, 62 S.W.3d 817, 821 (Tex. App.—Waco 2001, no pet.).  Whether probable cause exists to

support the issuance of a search warrant is determined from the "four corners" of the affidavit alone. *Massey v. State*, 933 S.W.2d 141, 148 (Tex. Crim. App. 1996). Statements made during a pretrial hearing on the motion to suppress do not factor into that determination. *Id.*

The requirement that a search warrant particularly describe the place to be searched is satisfied if the warrant describes the target location in sufficient detail so that the officer can locate and distinguish it from other places in the community. *Bridges v. State*, 574 S.W.2d 560, 562 (Tex. Crim. App. [Panel Op.] 1978); *Haynes v. State*, 475 S.W.2d 739, 740 (Tex. Crim. App. 1971); *Jones v. State*, 914 S.W.2d 675, 678 (Tex. App.—Amarillo 1996, no pet.). The constitutional objectives of requiring a "particular" description of the place to be searched include: (1) ensuring that the officer searches the right place; (2) confirming that probable cause is, in fact, established for the place described in the warrant; (3) limiting the officer's discretion and narrowing the scope of his search; (4) minimizing the danger of mistakenly searching the person or property of an innocent bystander or property owner; and (5) informing the owner of the officer's authority to search that specific location. *Long v. State*, 132 S.W.3d 443, 447 (Tex. Crim. App. 2004).

When reviewing a magistrate's decision to issue a warrant, we apply a deferential standard in keeping with the constitutional preference for a warrant. *Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007); *Swearingen*, 143 S.W.3d at 810–11; *Farhat v. State*, 337 S.W.3d 302, 306 (Tex. App.—Fort Worth

6

2011, pet. ref'd). No magical formula exists for determining whether an affidavit provides a substantial basis for a magistrate's probable cause determination. *Tolentino*, 638 S.W.2d at 501. Instead, when a court reviews an issuing magistrate's determination, the court should interpret the affidavit in a commonsense and realistic manner, recognizing that the magistrate may draw reasonable inferences. *See Rodriguez*, 232 S.W.3d at 61; *see also Davis v. State*, 202 S.W.3d 149, 154 (Tex. Crim. App. 2006); *Nichols*, 877 S.W.2d at 498. Nevertheless, a magistrate should not read into an affidavit material information that does not otherwise appear on its face. *Cassias v. State*, 719 S.W.2d 585, 590 (Tex. Crim. App. 1986).

But the deference afforded a magistrate's determination "is not boundless," and a reviewing court "will not defer to a warrant based on an affidavit that does not 'provide the magistrate with a substantial basis for determining the existence of probable cause.'" *Kennedy v. State*, 338 S.W.3d 84, 93 (Tex. App.—Austin 2011, no pet.) (quoting *United States v. Leon*, 468 U.S. 897, 915, 104 S. Ct. 3405, 3416 (1984)). A reviewing court is to "conscientiously review the sufficiency of affidavits on which warrants are issued" to ensure that an abdication of the magistrate's duty does not occur. *See Gates*, 462 U.S. at 239, 103 S. Ct. at 2333; *see also Leon*, 468 U.S. at 914–15, 104 S. Ct. at 3416; *Farhat*, 377 S.W.3d at 306.

7

## IV. THE SUPPORTING AFFIDAVIT FAILS TO ESTABLISH A NEXUS BETWEEN THE THINGS TO BE SEIZED AND THE PLACE ACTUALLY SEARCHED

Concerning the adequacy of the search warrant's description of the residence to be searched, the State's position at the motion to suppress hearing and on appeal is that the supporting affidavit and the search warrant comply with the Fourth Amendment's and article 18.01's requirement that a warrant describe with particularity the place to be searched. The State contends that the supporting affidavit and the search warrant adequately describe the residence that was in fact searched, that being the home now bearing the address placard for 422 Cowan.[1] Assuming that the search warrant's description of the target residence bearing the address placard for 422 Cowan was sufficient to enable officers executing the warrant to locate the target residence and to distinguish it

---

[1]Photos offered into evidence show the residence at 401 Barker Street and a residence next door bearing an address placard marked 422 Cowan. Officer Ashburn testified that the home marked with the numbers 401 is not the residence that was searched. The home with the address 401 Barker Street has a grey composition shingle roof, as described in the affidavit, but the home has four windows facing towards Barker Street, whereas the affidavit described the home as having two windows facing towards Barker Street. The home next door to 401 Barker Street—the residence that was searched and that now displays a placard bearing the address 422 Cowan—does not have a grey composition shingle roof but does have two windows facing Barker Street and does have a detached garage northwest of the residence that has a large white utility door, as described in the affidavit. Thus, the search warrant's description of the place to be searched—the home now displaying the placard for 422 Cowan—was partially accurate (two windows facing Barker Street, detached garage northwest of the residence with a large white utility door) and partially inaccurate (grey composition shingle roof). Both of the residences, 401 Barker Street and 422 Cowan, are arguably white wooden framed residences. None of the photos contain a depiction of "a small white and blue camper trailer" as stated in the affidavit.

from other places in the community, nonetheless, as discussed below, the totality of the circumstances set forth in Officer Ashburn's affidavit fail to indicate a fair probability or a substantial chance that the items identified in the warrant would be found at the residence searched. We therefore need not address the adequacy of the search warrant's description of the place to be searched—the residence now bearing the address placard for 422 Cowan. *See* Tex. R. App. P. 47.1 (providing that opinions must address issues necessary to final disposition of appeal).

Turning to the discussion of whether Officer Ashburn's affidavit articulates facts establishing probable cause to search the residence now bearing the 422 Cowan placard, probable cause requires the establishment of a nexus between (1) criminal activity, (2) the things to be seized, and (3) the place to be searched. *See* 2 Wayne R. LaFave, Search and Seizure § 3.7(d), at 412 (4th ed. 2004). Concerning the object-place nexus, "[u]nder the Fourth Amendment, the place to be searched pursuant to a search warrant must be particularly described, but this hardly means that it will always suffice that the place is described in definite and certain terms." *See id.* § 3.7(d), at 431. The described place must "match up" with the probable cause showing. *Id.* Concerning the criminal activity-place nexus, when a person is implicated in an offense and when it is clear that the items to be seized are connected with criminal activity, a search warrant affidavit must provide a basis for the conclusion that the residence to be searched is the residence of an implicated person. *See id.*; *see also Serrano v. State*, 123

9

S.W.3d 53, 61 (Tex. App.—Austin 2003, pet. ref'd) (noting that "there was no nexus between the tip (of criminal activity) and 8513 Cornwall," the residence searched).

Here, the probable cause facts in Officer Ashburn's affidavit (dated August 5, 2008) indicate that a confidential informant observed (in November 2007) Bonds in possession of methamphetamine "inside 'Mike Bonds's' residence located at Texas State Highway 59 and Barker Street in Bowie, Montague County, Texas." When Officer Ashburn transported the confidential informant to Bonds's residence, the confidential informant pointed out Bonds's residence and Officer Ashburn "identified [it] as 401 Barker Street, Bowie, Montague County, Texas." Officer Ashburn determined that Bonds had listed 401 Barker Street as his address on his driver's license. On May 27, 2008, Officer Ashburn conducted a garbage search of refuse left for collection at 401 Barker Street and found a melted glass smoking pipe containing cocaine residue and a Mastercard credit card application addressed to Bonds at 401 Barker Street. On July 15, 2008 and August 5, 2008, Officer Ashburn conducted additional garbage searches of refuse left for collection at 401 Barker Street and found other drug-related items. The confidential informant selected Bonds's photo from a photo line-up as the person from whom he had made a controlled buy of methamphetamine.

Looking at the totality of the circumstances set forth in the supporting affidavit that was reviewed by the magistrate and recognizing that the magistrate may interpret the affidavit in a non-technical, common-sense manner and draw

10

reasonable inferences from it, Officer Ashburn's affidavit nonetheless does not provide a substantial basis to conclude that a fair probability exists that contraband or evidence of a crime would be found at the residence actually searched—the residence that now bears an address placard for 422 Cowan. The information in Officer Ashburn's affidavit connects the items to be seized with 401 Barker Street via the informant's nine-month-old tip that he had seen drugs in Bonds's home—which Officer Ashburn identified as 401 Barker Street when he transported the informant to the location to point out Bonds's home— and via garbage searches of refuse left for collection at 401 Barker Street (the object-place nexus). The affidavit articulates criminal activity by Bonds—the offenses of possession of methamphetamine and cocaine, possession of drug paraphernalia, and the sale of methamphetamine to the confidential informant— and connects Bonds, via his driver's license address, a credit card application, and garbage searches, to 401 Barker Street (the criminal activity-place nexus). See Serrano, 123 S.W.3d at 61 (explaining that in determining whether a search warrant is supported by probable cause, the crucial element is not whether the person targeted by the search is suspected of a crime but whether it is reasonable to believe that the items to be seized will be found in the place to be searched). But virtually no facts exist in Officer Ashburn's probable cause affidavit expressing any cause, much less probable cause, to search any residence other than 401 Barker Street. The probable cause facts stated in the affidavit (all linked to 401 Barker Street) do not "match up" with the location that

11

was actually searched (the home next door now displaying an address placard for 422 Cowan). *Accord Long*, 132 S.W.3d at 447 (recognizing constitutional objective that probable cause must in fact be established for the place described in the warrant).

The facts here are distinguishable from the cases in which a search warrant states the wrong address or street or both but in which probable cause to search the residence that was actually searched exists based on other facts. *See Taylor v. State*, 974 S.W.2d 851, 853–54, 857 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (holding search warrant containing wrong street and address not fatally defective when supporting affidavit established probable cause to search residence actually searched because it stated that officer executing warrant had previously "observed the informant purchase cocaine from Taylor's home" and had "watched the informant enter the house [that was actually searched] and reappear, several minutes later, with approximately one-eighth of an ounce of cocaine"); *Smith v. State*, 962 S.W.2d 178, 185 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (holding search warrant containing wrong street and address not fatally defective when supporting affidavit established probable cause existed to search residence actually searched because affidavit stated that officer executing warrant had watched a confidential informant enter and leave the house after purchasing drugs and that is the house that was searched); *see also Norris v. State*, No. 14-96-01376-CR, 1999 WL 212126, at *4 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (not designated for publication)

(holding search warrant containing wrong street and address not fatally defective when supporting affidavit established probable cause existed to search residence actually searched because police officer executing warrant had twice accompanied confidential informant to house and observed informant enter house and purchase drugs).  In each of these cases, the State conceded that the address stated in the warrant was inaccurate, and there was no question that probable cause existed to search the residence actually searched.  *See Taylor*, 974 S.W.2d at 852–53 ("[Officer] noticed the address on the warrant was '7131 Fox Port,' but the actual address of the house [searched] was '7031 Foxport.'"); *Smith*, 962 S.W.2d at 180 ("On appeal, the State concedes that the warrant recites the wrong address."); *Norris*, 1999 WL 212126, at *3 ("The State concedes that the street name and number contained in the search warrant was inaccurate.").  In fact, in two of these cases, the address stated in the warrant was an address that did not exist.  *See Taylor*, 974 S.W.2d at 854 (noting that "both parties agreed that no house is located at the address specified in the warrant"); *Smith*, 962 S.W.2d at 179 (noting that the address on the warrant was 2400 Brooks Street and that no such address existed).

These cases are not controlling here for two main reasons.  First, in the above cases, the officers observed the informant enter the residence actually searched and determined that the informant had purchased drugs in the residence.  Thus, probable cause to search the location actually searched was not an issue in the above cases.  Here, Officer Ashburn's probable cause

13

affidavit does not state that he observed the confidential informant enter the home actually searched. Although Officer Ashburn's affidavit does indicate that the confidential informant identified Bonds as the person from whom he had made a controlled buy of methamphetamine, it fails to indicate where that buy occurred or whether Officer Ashburn was present or observed the buy. Thus, the fact that the confidential informant identified Bonds as the person from whom he had conducted a controlled buy of methamphetamine does not connect Bonds to the residence actually searched or provide probable cause to search the residence now bearing the address placard for 422 Cowan. *See Serrano*, 123 S.W.3d at 61. The State does not point to any facts in Officer Ashburn's affidavit establishing probable cause to search any residence other than 401 Barker Street.

Second, the address in Officer Ashburn's affidavit—401 Barker Street—that was connected to the probable cause facts he articulated did actually exist and was the home next door to the residence searched. In two of the above cases, the incorrect addresses in the affidavits and warrants did not actually exist. This is an important fact because probable cause cannot be associated with an address that does not actually exist; that is, when a search warrant identifies the place to be searched by an address that does not exist, then logic dictates that facts cannot exist connecting criminal activity to some fantasy address. *Accord United States v. Gordon*, 901 F.2d 48, 50 n.3 (5th Cir.) (noting that when an erroneous address in a warrant does not actually exist, there is no

14

possibility that the wrongly noted location could have been searched), *cert. denied*, 498 U.S. 981 (1990). But here, Officer Ashburn's affidavit asserted probable cause facts based on information from an informant, trash searches, a credit card application, and a driver's license all connected to an address that did actually exist, 401 Barker Street.

Arguing on appeal that probable cause did exist to search the residence now bearing the address placard for 422 Cowan, the State points to testimony provided by Officer Ashburn at the suppression hearing that when the warrant was executed, Bonds was found inside that residence, and a truck belonging to Bonds was parked in front of that residence. These statements do not factor into our determination of whether Officer Ashburn's affidavit articulates facts establishing probable cause to believe the items identified in the warrant would be found at the home searched. *See Massey*, 933 S.W.2d at 148 (explaining that statements made during a pretrial hearing on the motion to suppress do not factor into a probable cause determination). A review of the magistrate's probable cause determination is based on the information set forth in the four corners of the affidavit. *See State v. Jordan*, 342 S.W.3d 565, 568–69 (Tex. Crim. App. 2011). A warrant is either good or bad when it issues; probable cause for the search cannot be justified based on what the search produces. *Byars v. United States*, 273 U.S. 28, 29, 47 S. Ct. 248, 248 (1927). Neither of the subsequently-provided pieces of information can be considered to

15

retroactively justify issuance and execution of the search warrant for the residence now marked with the address placard 422 Cowan.

We sustain Bonds's sole issue.

## V. CONCLUSION

Having sustained Bonds's sole issue and having held that the trial court erred by denying Bonds's motion to suppress, we reverse the trial court's judgment and remand this case to the trial court for further proceedings consistent with this opinion.

SUE WALKER
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

PUBLISH

DELIVERED:  November 23, 2011

16