

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00399-CR

JASMYNE DONOSKY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

### FROM COUNTY CRIMINAL COURT NO. 3 OF DENTON COUNTY
### TRIAL COURT NO. CR-2016-00372-C

----------

### MEMORANDUM OPINION[1]

----------

Appellant Jasmyne Donosky was arrested for driving while intoxicated (DWI), *see* Tex. Pen. Code Ann. § 49.04 (West Supp. 2016), and after she refused to provide a breath or blood sample, a magistrate issued a warrant for the search and seizure of her blood. After the trial court denied Appellant's motion to suppress her blood test results, she pled guilty to DWI pursuant to a

---

[1]*See* Tex. R. App. P. 47.4.

plea bargain, and the trial court convicted her and sentenced her to serve 150 days' confinement in the Denton County Jail and to pay a fine of $500, suspending imposition of confinement and placing her on community supervision for eighteen months.

Appellant preserved her right to appeal the denial of her motion to suppress, and in her sole issue, she contends that the trial court erred by denying her motion to suppress the blood test results because the affidavit in support of the warrant was insufficient to establish probable cause. Because we hold that the affidavit sufficiently established probable cause, we affirm the trial court's judgment.

## I. Statement of Facts

### A. Facts of the Offense Found in Officer Wilcock's Affidavit

The following information appears in the affidavit at issue. On the morning of June 22, 2015, at 2:54 a.m., Officer Simon Wilcock, a peace officer with The Colony Police Department, was dispatched to the scene of a minor hit-and-run accident in The Colony, Texas, of Denton County. When he arrived, Officer Wilcock first found a damaged Infiniti FX35 at 6745 Davidson Street and then followed black tire markings on the concrete roadway to a silver Kia Sorrento at 5900 Arbor Hills Way.[2] Inside the Sorrento, Officer Wilcock found Appellant

---

[2]We take judicial notice of the facts that the two streets intersect and the two addresses are approximately .2 miles apart. *See* Tex. R. Evid. 201.

slumped over in the driver's seat. When Officer Wilcock instructed Appellant to unlock the door, she woke up and first attempted to unlock the door by pushing the rearview mirror attached to the front windshield. Officer Wilcock then shined his flashlight toward the door handle, where the button to unlock the door was located. Appellant reached for the center console with her right hand. Officer Wilcock again used his flashlight to highlight the area on the door where the button to unlock the door was located. Appellant finally unlocked the car door.

When questioned by Officer Wilcock, Appellant stated that she had been driving, had consumed "two or three" drinks, and was driving from a friend's house when she hit a vehicle. She then pulled over and stopped. In response to Officer Wilcock's request that she "rate her own level of intoxication on a scale of 1 to 10, with 1 being completely sober and 10 being very intoxicated and about to pass out," Appellant rated her level of intoxication as a "three (3)."

When Appellant exited her car at Officer Wilcock's instruction, he noticed that she was unsteady on her feet and swayed while walking. He also observed several signs of intoxication, including glassy eyes, thick-tongued speech, and the odor of an alcoholic beverage. Officer Wilcock conducted standard field sobriety tests during which he recorded numerous clues of intoxication, and he ultimately concluded that Appellant failed the horizontal gaze nystagmus test, the walk-and-turn test, and the one-leg stand test. Officer Wilcock arrested Appellant for DWI and requested blood and breath samples from her. She refused.

Officer Wilcock then sought a warrant to take a sample of her blood.

3

**B. The Warrant, the Denial of the Motion to Suppress, and the Plea Bargain**

At 6:29 a.m., about three and a half hours after Officer Wilcock was dispatched to the accident scene, a magistrate of The Colony issued the search warrant. The trial court denied Appellant's motion to suppress the blood test results, and she later pled guilty to DWI pursuant to a plea bargain. Appellant timely appealed.

**C. Findings of Fact and Conclusions of Law**

We abated and remanded this case to the trial court to prepare and issue findings of fact and conclusions of law that Appellant requested in the trial court regarding the denial of the motion to suppress. The trial court found as follows:

> 1. Officer Simon Wilcock of The Colony Police Department applied for a search warrant to obtain a sample of [Appellant's] blood on or about June 22, 2015 based on his belief that [she] committed the offense of operating a motor vehicle while intoxicated.
>
> . . . .
>
> 5. . . . Officer Wilcock was dispatched to a minor accident/hit& run traffic accident at 2:54 AM on June 22, 2015 in the City of Colony, Denton County, Texas.
>
> 6. . . . Officer Wilcock personally observed [Appellant] at the scene of the accident in a silver Kia Sorrento.
>
> 7. . . . Officer Wilcock also observed a second vehicle, an Infiniti FX35, at the scene and that it had "left rear quarter panel damage."
>
> . . . .
>
> 13. . . . [B]ased on Officer Wilcock's training, personal observations and the totality of the facts and circumstances contained in the affidavit he had sufficient reason to believe that [Appellant] was intoxicated and to place her under arrest for DWI.
>
> . . . .

19. . . . [A] Denton County magistrate signed the search warrant at 6:29 AM on June 22, 2015 and . . . the verified information contained in the blood search warrant affidavit provided the magistrate with the existence of proper grounds to issue the blood search warrant.

The trial court concluded:

1. Officer Wilcock's affidavit set forth sufficient facts establishing probable cause that (1) [Appellant] committed driving while intoxicated, (2) [her] blood[]sample constituted evidence of that offense, and (3) the sample was located at or on [Appellant;] . . . [and]

2. The magistrate who signed the warrant had a substantial basis for concluding that [Appellant's] blood[]sample would probably provide evidence of intoxication because the affidavit supporting the warrant described significant signs of intoxication and supported the inference that [she] drove approximately three-and-a-half hours before the warrant issued. . . .

[Citations omitted.]

## II. Discussion

### A. Appellant's Issue

In her sole issue, Appellant contends that the trial court erred by denying her motion to suppress blood test results because the affidavit in support of the warrant was insufficient to establish probable cause. Specifically, she argues that the affidavit does not state what time the DWI occurred, so the magistrate had no way of knowing the length of time that had expired between Appellant's last minute of driving and the magistrate's signing of the warrant. Thus, Appellant reasons, the magistrate had no basis for concluding that evidence of intoxication would still be found in Appellant's blood. The State argues that the trial court's denial of the motion to suppress was proper because the magistrate

5

could reasonably infer that the offense occurred just before Officer Wilcock was dispatched at 2:54 a.m.  We agree.

## B.  Standard of Review and Affidavit Requirements

As this court has previously explained in a DWI blood-draw case,

> The police may obtain a defendant's blood for a DWI investigation through a search warrant.  A search warrant cannot issue unless it is based on probable cause as determined from the four corners of an affidavit.

> Under the Fourth Amendment and the Texas constitution, an affidavit supporting a search warrant is sufficient if, from the totality of the circumstances reflected in the affidavit, the magistrate was provided with a substantial basis for concluding that probable cause existed.  Article 18.01(c) [of the code of criminal procedure] requires an affidavit to set forth facts establishing that (1) a specific offense has been committed, (2) the item to be seized constitutes evidence of the offense or evidence that a particular person committed the offense, and (3) the item is located at or on the person, place, or thing to be searched.  Probable cause for a search warrant exists if, under the totality of the circumstances presented to the magistrate in an affidavit, there is at least a fair probability or substantial chance that contraband or evidence of a crime will be found at the specified location.  The affidavit must contain sufficient information to allow the issuing magistrate to determine probable cause because the magistrate's action cannot be a mere ratification of the bare conclusions of others.  In order to ensure that such an abdication of the magistrate's duty does not occur, courts are to conscientiously review the sufficiency of affidavits on which warrants are issued.

> When reviewing a magistrate's decision to issue a warrant, we apply a deferential standard in keeping with the constitutional preference for a warrant.  No magical formula exists for determining whether an affidavit provides a substantial basis for a magistrate's probable cause determination.  Instead, when a court reviews an issuing magistrate's determination, the court should interpret the affidavit in a commonsense and realistic manner, recognizing that the magistrate may draw reasonable inferences.  Nevertheless, a magistrate should not read into an affidavit material information that does not otherwise appear on its face.  A magistrate should not have to resort so much to inferences and "common sense" conclusions

6

that skirt the boundaries of what constitutes a substantial basis; when too many inferences must be drawn, the result is a tenuous rather than a substantial basis for the issuance of a warrant.

*Farhat v. State*, 337 S.W.3d 302, 305–06 (Tex. App.—Fort Worth 2011, pet. ref'd) (citations and internal quotation marks omitted).

## C. Substantive Law on Staleness of Blood Alcohol Content

Staleness of the facts supporting a search warrant is properly determined by looking at the lapse of time between the occurrence of the events detailed in an affidavit and the issuance of the search warrant. *Crider v. State*, 352 S.W.3d 704, 707 (Tex. Crim. App. 2011). Whether the evidence sought is still where it was and available for taking depends on the type of offense, the type of suspect, the nature of the evidence, and the place to be searched. *Id.* at 708. The *Crider* court explained,

> Alcohol in a person's bloodstream disappears quite rapidly, thus the facts cited to support probable cause to search for alcohol in a DWI suspect's bloodstream become stale quite rapidly. . . .
>
> Assuming that a suspect did not drink after being stopped by an officer, at least "some" evidence of alcoholic "intoxication" (defined as 0.08 BAC) should still be in his blood system four hours later . . . .
>
> The higher the level of intoxication at the time of the stop, the longer some evidence of alcoholic intoxication would remain in the blood. . . . [I]t would be exceedingly unlikely that a person who was tested some 24 hours after he ceased drinking would register any detectable level of alcohol in his blood.

*Id.* at 708–09 (citations omitted).

In *Crider*, the officer's affidavit stated that he stopped Crider on June 6, 2008 after seeing him make a left-hand turn without signaling but provided no

details about the time of the stop. The magistrate signed the warrant at 1:07 a.m. on June 7, 2008. The time gap could have been as great as twenty-five hours. *See id.* at 710. The Texas Court of Criminal Appeals held that no fact in the affidavit led to a reasonable inference that the stop was close enough to the execution of the warrant that evidence of intoxication would still be in Crider's blood when the warrant was executed. *Id.* at 711.

*State v. Jordan* had the opposite result. 342 S.W.3d 565 (Tex. Crim. App. 2011). In *Jordan*, the affidavit was subscribed and sworn to on June 6, and the search warrant was issued at 3:54 a.m. that same day. *Id.* at 567–68. The affidavit stated that the officer had probable cause to believe that Jordan committed DWI on June 6, 2008 and described police observations of his driving violations and clues of intoxication. *Id.* But the affidavit did not specifically state that those observations were also made on June 6, 2008. *Id.* at 568. The Texas Court of Criminal Appeals held that because the date of the offense was included in the introductory statement of the affidavit and the warrant was issued at 3:54 a.m., then the magistrate who signed the warrant had a substantial basis to infer that the driving violations and intoxication clues described in the affidavit were observed on that same date. *Id*. at 571. The *Jordan* court also held, "Given the symptoms of intoxication described in the affidavit, . . . the magistrate had a substantial basis to determine that evidence of intoxication would probably be found in [Jordan's] blood within four hours of the stop." *Id.* at 572.

**D. Analysis**

This case is governed by *Jordan*. While Appellant contends that the magistrate needed to know specifically when the offense occurred to determine the probability that alcohol would have been found in Appellant's blood, enough evidence was present in the affidavit to allow the magistrate to reasonably infer that the offense occurred shortly before the dispatch. *See id.* at 570. After being dispatched on June 22, 2015 at 2:54 a.m., Officer Wilcock found Appellant at the scene of the accident, slumped over in the driver's seat. Appellant admitted to both drinking and driving; and Appellant, her car, and the car she hit were all still at the scene of the accident. Appellant also admitted to then having an intoxication level of 3 on a scale of 1 to 10. Considering the facts provided in the affidavit, the magistrate could properly infer that the accident occurred just prior to 2:54 a.m.

The magistrate also had a substantial basis for concluding that Appellant's blood would probably provide evidence of intoxication when the warrant was signed at 6:29 a.m. The facts in the affidavit suggest the offense occurred just before 2:54 a.m. The time lapse of less than four hours was sufficient for the magistrate to have had a substantial basis to determine that evidence of intoxication would likely be found in Appellant's blood, especially in light of Appellant's admission at the scene (after 2:54 a.m.) that her current level of intoxication was a 3 on a scale of 1 to 10. *See id.* at 571. We overrule Appellant's sole issue.

## III.  Conclusion

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

/s/ Mark T. Pittman
MARK T. PITTMAN
JUSTICE

PANEL:  SUDDERTH, C.J.; MEIER and PITTMAN, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 26, 2017