PD-1517-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/24/2014 6:59:45 PM
Accepted 12/30/2014 9:14:20 AM
ABEL ACOSTA
CLERK

# COURT OF CRIMINAL APPEALS

## PD-1517-14

# *State of Texas, Appellant,*
# *v.*
# *Jessica Ruth Moore, Appellee.*

**On Discretionary Review from**
**No. 05-14-00123-CR**
**Fifth Court of Appeals, Dallas**

**On Appeal from No. MB13-50157**
**County Criminal Court No. 2, Dallas County**

# Petition for Discretionary Review

**Michael Mowla**
**445 E. FM 1382 #3-718**
**Cedar Hill, Texas 75104**
**Phone: 972-795-2401**
**Fax: 972-692-6636**
**michael@mowlalaw.com**
**Texas Bar No. 24048680**
**Attorney for Appellee**

FILED IN
COURT OF CRIMINAL APPEALS

December 30, 2014

ABEL ACOSTA, CLERK

*ORAL ARGUMENT NOT REQUESTED*

## I.   Identity of Parties, Counsel, and Judges

**Jessica Ruth Moore**, Appellee.

**Michael Mowla, Attorney for Appellee on Appeal and Discretionary Review**, 445 E. FM 1382 #3-718, Cedar Hill, Texas 75104, phone 972-795-2401, fax 972-692-6636, email michael@mowlalaw.com.

**Tim Hartley, Attorney for Appellee at Trial**, 1010 West Ralph Hall Parkway, Suite 100, Rockwall, Texas 75032, phone 972-754-4844, fax 972-722-4888, email tlhartleylaw@aol.com.

**Craig Watkins, Dallas County District Attorney, Attorney for State of Texas**, 133 N. Riverfront Blvd., LB 19, Dallas, Texas 75207-4399, phone 214-653-3600, fax 214-653-3643.

**Michael Casillas, Dallas County Assistant District Attorney, Attorney for State of Texas**, 133 N. Riverfront Blvd., LB 19, Dallas, Texas 75207-4399, phone 214-653-3600, fax 214-653-3643, email michael.casillas@dallascounty.org.

**Lisa Smith, Dallas County Assistant District Attorney, Attorney for State of Texas**, 133 N. Riverfront Blvd., LB 19, Dallas, Texas 75207-4399, phone 214-653-3600, fax 214-653-3643, lisa.smith@dallascounty.org.

**Marissa Mouton, Dallas County Assistant District Attorney, Attorney for State of Texas,** 133 N. Riverfront Blvd., LB 19, Dallas, Texas 75207-4399, phone 214-653-3600, fax 214-653-3643.

**Hon. Julia Hayes, Presiding Judge of County Criminal Court No. 2**, 133 N. Riverfront Blvd. 3rd Floor, Dallas, Texas 75207, phone 214-653-5615.

## II.     Table of Contents

I.      Identity of Parties, Counsel, and Judges.........................................................2

II.     Table of Contents.........................................................................................3

III.    Table of Authorities......................................................................................5

IV.     Appendix Index ............................................................................................7

V.      Statement Regarding Oral Argument .............................................................8

VI.     Statement of the Case and Procedural History ...............................................9

VII.    Questions or Grounds for Review ...............................................................11

VIII.   Argument ...................................................................................................12

1.  Question or Ground for Review One: The Court of Appeals erred when it overruled Appellee's argument that Stephens did not approach the boat to conduct a water safety inspection because although Texas Parks and Wildlife Code § 31.124 allows law enforcement to stop and board a boat without probable cause or reasonable suspicion for reasons enumerated in Chapter 31 of the Texas Parks and Wildlife Code, the probable cause affidavit provided that Stephens approached the boat not to conduct a water safety inspection, but because the boat had its harbor lights on (which was judicially admitted by the State), and Appellee's boat having its harbor lights on is not a violation of Chapter 31. ...................................................................12

   i.      Background .....................................................................................12

   ii.     Opinion of the Court of Appeals.........................................................13

   iii.    Texas Parks and Wildlife Code § 31.124 allows law enforcement to stop and board a boat without probable cause or reasonable suspicion for reasons enumerated in Chapter 31 of the Texas Parks and Wildlife Code, but the harbor lights on Appellee's boat being turned on is not a violation of Chapter 31.......................................................14

2.  Question or Ground for Review Two: The Court of Appeals erred when it reversed the trial court's granting of Appellee's motion to suppress because when considering the combined logical force of the facts contained in the search warrant affidavit, the affidavit does not contain sufficient facts or a

substantial basis to provide the magistrate probable cause to issue the search warrant. ...................................................................18

    **i.**    Background ...................................................................18

    **ii.**    When considering the combined logical force of the facts contained in the search warrant affidavit, the affidavit does not contain sufficient facts or a substantial basis to provide the magistrate probable cause to issue the search warrant. ...................................................................19

IX.    Conclusion and Prayer ...................................................................23

X.    Certificate of Service ...................................................................24

XI.    Certificate of Compliance with Tex. Rule App. Proc. 9.4 ...........................25

## III. Table of Authorities

**Cases**

*Bryant v. State*, 187 S.W.3d 397 (Tex. Crim. App. 2005)......................................12

*Campos v. State*, 623 S.W.2d 657 (Tex. Crim. App. 1981) ...................................20

*Farhat v. State*, 337 S.W.3d 302 (Tex. App. Fort Worth 2011)............................22

*Flores v. State*, 319 S.W.3d 697 (Tex. Crim. App. 2010) .....................................19

*Foley v. State*, 327 S.W.3d 907 (Tex. App. Corpus Christi 2010, *pet. ref.*)................................................................................................................21

*Heien v. North Carolina*, ___ U.S. ____, No. 13-604, 2014 U.S. LEXIS 8306 (December 15, 2014).........................................................15

*Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562 (Tex. 2001) ...............................................................................................................13

*Illinois v. Gates*, 462 U.S. 213 (1983) ......................................................... 19, 21

*Kelly v. State*, 413 S.W.3d 164 (Tex. App. Beaumont 2012, *no pet.*).....................20

*Nichols v. State*, 877 S.W.2d 494 (Tex. App. Fort Worth 1994, *pet. ref.*)................................................................................................................19

*Rodriguez v. State*, 232 S.W.3d 55 (Tex. Crim. App. 2007) ..................................20

*Schenekl v. State*, 30 S.W.3d 412 (Tex. Crim. App. 2000) ............................. 13, 16

*State v. Davis*, No. 03-06-00490-CR, 2007 Tex. App. LEXIS 2693 (Tex. App. Austin, April 6, 2007) (Memorandum Opinion)........................22

*State v. Jordan*, 342 S.W.3d 565 (Tex. Crim. App. 2011) .....................................19

*State v. Luxon*, 230 S.W.3d 440 (Tex. App. Eastland 2007, *no pet.*) ....................13

*State v. Moore*, 05-14-00123-CR, 2014 Tex. App. LEXIS 11979 (Tex. App. Dallas, October 30, 2014) (Unpublished opinion) .............. 9, 10, 13, 14

**Statutes**

Tex. Code Crim. Proc. Art. 44.01 (2014) ...............................................................10

Tex. Code. Crim. Proc Art. 18.01 (2013) ...............................................................19

Tex. Parks & Wild. Code § 31.028 (2013) .............................................................16

Tex. Parks & Wild. Code § 31.064 (2013) ........................................................ 14, 15

Tex. Parks & Wild. Code § 31.124 (2013) .................................................... 13, 15, 17

Tex. Pen. Code § 49.04 (2014) ..................................................................9

Tex. Pen. Code § 49.06 (2013) ..................................................................9

**Rules**

Tex. Rule App. Proc. 68.11 (2014) ...........................................................24

Tex. Rule App. Proc. 68.4 (2014) ......................................................... 8, 11

Tex. Rule App. Proc. 9.4 (2014) ...............................................................25

**Constitutional Provisions**

Tex. Const. Art. 1, § 9 .............................................................................19

U.S. Const. Amend. IV ............................................................................19

**IV. Appendix Index**

**Appendix 1:** Judgment and Opinion of the Court of Appeals in *State v. Moore*, 05-14-00123-CR, 2014 Tex. App. LEXIS 11979 (Tex. App. Dallas, October 30, 2014) (Unpublished opinion).

## V. Statement Regarding Oral Argument

Appellee does not request oral argument. *See* Tex. Rule App. Proc. 68.4(c) (2014). Appellee believes that the facts and legal arguments are adequately presented in this petition. However, should this Court determine that its decisional process will be significantly aided by oral argument, Appellee will be honored to present oral argument.

**To The Honorable Judges of the Court of Criminal Appeals:**

Appellee Jessica Ruth Moore respectfully submits this petition for discretionary review:

## VI. Statement of the Case and Procedural History

This petition for discretionary review requests that this Court review the judgment and opinion of the Fifth Court of Appeals in *State v. Moore*, 05-14-00123-CR, 2014 Tex. App. LEXIS 11979 (Tex. App. Dallas, October 30, 2014) (Unpublished opinion) (*See* Appendix 1). This case arose from the State's appeal of the trial court's granting of a motion to suppress evidence filed by Appellee in the County Criminal Court Number 2 of Dallas County, Texas. (CR, 24-25).[1] On August 9, 2013, the State alleged in an information that on or about June 27, 2013, in Dallas County, Texas, Appellee operated a motor vehicle in a public place while intoxicated and committed Driving While Intoxicated in violation of Texas Penal Code § 49.04. (CR, 20). *See* Tex. Pen. Code § 49.04 (2014). However, it appears that she was charged for committing Boating While Intoxicated in violation of Texas Penal Code § 49.06. (CR, 11-13); *See* Tex. Pen. Code § 49.06 (2013).

Appellee filed a motion to suppress the blood warrant. (CR, 21-22). On January 29, 2014, a hearing was had on Appellee's motion. (RR). After

---

[1] The Record on Appeal consists of the Clerk's Record, which is one volume, and the Reporter's Record, which is also one volume. The Clerk's Record is cited as "CR" followed by the page number, and the Reporter's Record is cited as "RR" followed by the page number.

considering arguments of counsel and the affidavit for the search warrant, the trial court granted Appellee's motion. (CR, 24-25).

On February 3, 2014, the State filed a timely notice of appeal. (CR, 7-8); *See* Tex. Code Crim. Proc. Art. 44.01 (2014). On October 30, 2014, the Fifth Court of Appeals reversed and remanded the order of the trial court that granted Appellee's motion to suppress. *State v. Moore*, 05-14-00123-CR (*See* Appendix 1). This petition for discretionary review follows.

## VII. Questions or Grounds for Review

**Question or Ground for Review One:** The Court of Appeals erred when it overruled Appellee's argument that Stephens did not approach the boat to conduct a water safety inspection because although Texas Parks and Wildlife Code § 31.124 allows law enforcement to stop and board a boat without probable cause or reasonable suspicion for reasons enumerated in Chapter 31 of the Texas Parks and Wildlife Code, the probable cause affidavit provided that Stephens approached the boat not to conduct a water safety inspection, but because the boat had its harbor lights on (which was judicially admitted by the State), and Appellee's boat having its harbor lights on is not a violation of Chapter 31.

**Question or Ground for Review Two:** The Court of Appeals erred when it reversed the trial court's granting of Appellee's motion to suppress because when considering the combined logical force of the facts contained in the search warrant affidavit, the affidavit does not contain sufficient facts or a substantial basis to provide the magistrate probable cause to issue the search warrant.

The relevant pages of the record are: Clerk's Record 11-13, 20-20; and the

Reporter's Record in its entirety. *See* Tex. Rule App. Proc. 68.4(f) (2014)

## VIII. Argument

1. <u>**Question or Ground for Review One:**</u> **The Court of Appeals erred when it overruled Appellee's argument that Stephens did not approach the boat to conduct a water safety inspection because although Texas Parks and Wildlife Code § 31.124 allows law enforcement to stop and board a boat without probable cause or reasonable suspicion for reasons enumerated in Chapter 31 of the Texas Parks and Wildlife Code, the probable cause affidavit provided that Stephens approached the boat not to conduct a water safety inspection, but because the boat had its harbor lights on (which was judicially admitted by the State), and Appellee's boat having its harbor lights on is not a violation of Chapter 31.**

   ### i. Background

   In the affidavit supporting the search warrant, Officer Stephens of the Texas Parks and Wildlife Department alleges that at approximately 10:00 p.m. on or about June 27, 2013, he was conducting water safety inspections on Lake Ray Hubbard. (RR, SX-1). Stephens noticed that the boat on which Appellee was had its ***"harbor lights" on***. (RR, SX-1) (emphasis added). This, according to the State, is a violation of one of the codes for the "Texas Parks and Wildlife Code." (RR, 7). Thus, the fact that Stephens approached Appellee due to "a violation of one of the codes for the 'Texas Parks and Wildlife Code'" was a judicial admission by the State. *See Bryant v. State*, 187 S.W.3d 397, 400-401 (Tex. Crim. App. 2005) (Judicial admissions are formal concessions or stipulations by a party or counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.); *Holy Cross Church of God in Christ v.*

*Wolf*, 44 S.W.3d 562, 568 (Tex. 2001) (A judicial admission that is clear and unequivocal has conclusive effect and bars the admitting party from later disputing the admitted fact.). Thus, the State cannot on appeal claim that Stephens approached Appellee's boat merely to conduct a water safety inspection.

In her Brief, Appellee argued that the reason why Stephens approached Appellee's boat was not to conduct a water safety inspection, but because the boat's harbor lights were on, which again was a fact judicially admitted by the State. However, nowhere in the affidavit does it state that using one's harbor lights is a violation of the "Texas Parks and Wildlife Code." Thus, the magistrate could not have drawn an inference from Stephens's statement in the affidavit that Stephens had any probable cause or reasonable suspicion to approach and board the boat.

### ii.  Opinion of the Court of Appeals

The Court of Appeals rejected Appellee's argument, holding that "a game warden... may randomly stop a boat, board it, and conduct a safety inspection." *Moore*, *Id*. at *6, *citing* Tex. Parks & Wild. Code § 31.124 (2013); *Schenekl v. State*, 30 S.W.3d 412, 413 (Tex. Crim. App. 2000); and *State v. Luxon*, 230 S.W.3d 440, 449 (Tex. App. Eastland 2007, *no pet*.). The Court of Appeals concluded "[H]ere, the game warden's affidavit stated he stopped appellee's boat to conduct a random safety inspection and then describes his observations of Appellee

regarding the fire extinguisher when he sought to inspect it. The game warden's stop for a random safety inspection, including the fire extinguisher, is specifically authorized by Texas law." *Moore*, *Id*. at 6-7.

### iii. Texas Parks and Wildlife Code § 31.124 allows law enforcement to stop and board a boat without probable cause or reasonable suspicion for reasons enumerated in Chapter 31 of the Texas Parks and Wildlife Code, but the harbor lights on Appellee's boat being turned on is not a violation of Chapter 31.

Texas Parks and Wildlife Code § 31.064 provides that a boat that is not at dock "must have and exhibit at least one bright light, lantern, or flashlight from sunset to sunrise in all weather." Tex. Parks & Wild. Code § 31.064 (2013). And, a boat "when underway between sunset and sunrise in all weather must have and exhibit the lights prescribed by the commandant of the Coast Guard for boats of its class." *Id*. *See* Tex. Parks & Wild. Code § 31.064 (2013). Appellee's boat had its "harbor lights" on, and there is no indication this caused Appellee to be in violation of Section 31.064 of the Texas Parks and Wildlife Code. On page 49 of the Navigation Rules for both International and Inland waterways ("Navigation Rules," attached to Appellee's Brief), it provides that a power-driven vessel of less than 12 meters in length may exhibit one all-round white light and sidelight. *See* Appendix A to Appellee's Brief, p. 49.

A review of the section that contains a listing of the "the lights prescribed by the commandant of the Coast Guard for boats of its class" shows that the light

being turned on was in compliance with § 31.064. A boat like Appellee's that clearly was less than 12 meters in length (39.37 feet) requires the use of only one light, which was the number of lights Appellee was operating.

As a result, Stephens approached Appellee's boat for a reason not authorized by Chapter 31. Stephens's lack of command of the law does not excuse the illegal search. Even when considering the recent opinion of the Supreme Court of the United States in *Heien v. North Carolina*, ___ U.S. ____, No. 13-604, 2014 U.S. LEXIS 8306 (December 15, 2014), in which the Court held that an officer's mistaken understanding of the law may be reasonable under certain circumstances (*Id*. at *9), it is **unreasonable** for Stephens, an enforcement officer employed by the Texas Parks and Wildlife Department, to not know the provisions of the Texas Parks and Wildlife Code. This is especially so when Stephens purported to be conducting water safety inspections. Chapter 31 of the Texas Parks and Wildlife Code allows an enforcement officer to stop and board any vessel to determine compliance with applicable provisions Chapter 31. *See* Tex. Parks & Wild. Code § 31.124 (2013). These include an inspection of: (1) the vessel's certificate of number; (2) the vessel's identification number and validation decal; (3) the manufacturer's identification number; (4) lights; (5) sound-producing devices; (6) life preserving devices; (7) fire extinguishers; (8) flame arrester or backfire trap on carburetors of gasoline engines, with the exception of outboard motors; (9)

ventilators for bilges of engine and fuel tank compartments, with the exception of open boats; (10) exhaust water manifold or muffler installed on engine; and (11) rearview mirror (when persons are being towed). *See* Tex. Parks & Wild. Code § 31.028 *et seq.* (2013); *See also Schenekl*, 30 S.W.3d at 417 (Meyers, J. concurring). Appellee was not in violation of any provision of Chapter 31, which is the reason why Stephens claimed he approached Appellee.

Because the seizure of Appellee and the boat was not authorized by Chapter 31, the seizure amounted to a warrantless stop of an automobile. Such a stop is a Fourth Amendment seizure and must be justified by reasonable suspicion. *Ornelas v. United States*, 517 U.S. 690, 693 (1996); *Terry v. Ohio*, 392 U.S. 1, 13-16 (1968); *California v. Acevedo*, 500 U.S. 565, 569-570 (1991); *Berkemer v. McCarty*, 468 U.S. 420, 439 (1984). The detaining officer must have specific articulable facts that, taken together with rational inferences from those facts, lead him to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Woods v. State*, 956 S.W.2d 33, 35 (Tex. Crim. App. 1997). Stephens did not have any specific articulable facts that, taken together with rational inferences from those facts, lead him to conclude that Appellee is, has been, or was going to be engaged in criminal activity. Rather, he detained Appellee based upon a false representation of the law or an unreasonable misunderstanding of the law.

Therefore, the Court of Appeals erred when it overruled Appellee's argument that Stephens did not approach the boat to conduct a water safety inspection because although Texas Parks and Wildlife Code § 31.124 allows law enforcement to stop and board a boat without probable cause or reasonable suspicion for reasons enumerated in Chapter 31 of the Texas Parks and Wildlife Code, the probable cause affidavit provided that Stephens approached the boat not to conduct a water safety inspection, but because the boat had its harbor lights on (which was judicially admitted by the State), and Appellee's boat having its harbor lights on is not a violation of Chapter 31. As a result, this Court should grant discretionary review. *See* Tex. Rule App. Proc. 66.3(b) (2014).

**2. Question or Ground for Review Two: The Court of Appeals erred when it reversed the trial court's granting of Appellee's motion to suppress because when considering the combined logical force of the facts contained in the search warrant affidavit, the affidavit does not contain sufficient facts or a substantial basis to provide the magistrate probable cause to issue the search warrant.**

### i. Background

Once Stephens boarded the boat, he claimed that Appellee could not locate the fire extinguisher, which was located at Appellee's feet. (RR, SX-1). Stephens pointed the extinguisher out to Appellee, and Appellee picked it up. (RR, SX-1). Stephens claims that Appellee removed the safety pin from the extinguisher but then was unable to place the pin back into the extinguisher. (RR, SX-1). Stephens claims that he smelled a "strong order of alcohol" coming from Appellee. Appellee admitted to the officer that she had consumed one alcoholic beverage. Appellee refused to perform any Standard Field Sobriety Tests (SFSTs). Appellee was taken into custody. (RR, SX-1).

The affidavit's observations sheet (which is part of the affidavit) indicates the following: Appellee's clothing were "Orderly." (RR, SX-1). Her balance was "Normal." Her speech was "Normal." (RR, SX-1). Her walking was "Heavy Footed." (RR, SX-1). Her eyes were "Red and Watering." (RR, SX-1). The smell of alcohol on her breath was "Strong." (RR, SX-1). Her attitude was "Cooperative." *See* SX-1.

**ii. When considering the combined logical force of the facts contained in the search warrant affidavit, the affidavit does not contain sufficient facts or a substantial basis to provide the magistrate probable cause to issue the search warrant.**

This case is not a "doubtful" or "marginal" case that should have been resolved in favor of the State. *See Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010). When a magistrate construes a probable cause affidavit, he is permitted to "interpret the affidavit in a non-technical, common-sense manner and may draw reasonable inferences from the facts and circumstances contained within its four corners." *State v. Jordan*, 342 S.W.3d 565, 569 (Tex. Crim. App. 2011). Under the Fourth Amendment and the Texas Constitution, a magistrate must find probable cause within the four corners of an affidavit in order to issue a search warrant. U.S. Const. Amend. IV; Tex. Const. Art. 1, § 9; Tex. Code. Crim. Proc Art. 18.01(b) (2013); *See Nichols v. State*, 877 S.W.2d 494, 497 (Tex. App. Fort Worth 1994, *pet. ref*.). A reviewing court should apply a "great deference" standard of review to the magistrate's determination of probable cause. *Jordan, Id.* at 569. "Probable cause exists if, under the totality of the circumstances set forth in the affidavit before the magistrate, there is a 'fair probability' that contraband or evidence of a crime will be found in a particular place at the time the warrant is issued." *Id*. at 568-569. And, the reviewing court must determine whether "the magistrate had a substantial basis for concluding that probable cause existed." *Id*. at 569, quoting *Illinois v. Gates,* 462 U.S. 213, 236 (1983). In employing a

totality-of-the-circumstances analysis, *Gates, Id*. at 230-237, "[T]he issue is not whether there are other facts that could have, or even should have, been included in the affidavit;" instead, a reviewing court should "focus on the combined logical force of the facts that are in the affidavit..." *Rodriguez v. State*, 232 S.W.3d 55, 62 (Tex. Crim. App. 2007).

Thus, when considering the "combined logical force of the facts that are in the affidavit," Appellee's clothing were "Orderly," balance was "Normal," speech was "Normal," attitude was "Cooperative," walking was "Heavy Footed," eyes were "Red and Watering," and the smell of alcohol on her breath was "Strong." (RR, SX-1). These facts tilt the balance towards a lack of probable cause to issue the warrant.

The cases cited by the Court of Appeals involve facts that heavily tilt the balance towards probable cause to issue the affidavit, and in fact, are nowhere like the facts of Appellee's case. In *Campos v. State*, 623 S.W.2d 657, 660 (Tex. Crim. App. 1981), unlike Appellee, the defendant "smelled of beer... spoke thick-tongued, slurred, was unsteady on his feet, and was in an advanced state of intoxication." In *Kelly v. State*, 413 S.W.3d 164 (Tex. App. Beaumont 2012, *no pet*.), the defendant failed to use a blinking signal when he turned through the intersection, smelled of an alcoholic beverage, showed six out of six clues on the HGN SFST, had slurred speech, swayed and appeared unsure in his balance, was

talkative and cocky, walked hesitantly and in an unsure manner, and turned in an unsure manner. *Id*. at 168-169, 173. And in *Foley v. State*, 327 S.W.3d 907 (Tex. App. Corpus Christi 2010, *pet. ref*.), the defendant crashed his vehicle into an aluminum barrier on a service road. *Id*. at 910. After the defendant exited his vehicle, he could not stand up without hanging onto the door or the side of his truck. *Id*. The defendant's eyes were red and glassy, speech was unintelligible and slurred, breath smelled strongly of alcohol, and while speaking to the officer, the defendant was grasping onto the door of the vehicle to stand up straight. *Id*. Inside the vehicle, the officer found an open sixteen-ounce can of beer and a quarter-full bottle of wine. *Id*. at 911. Finally, the defendant failed to complete two SFSTs. *Id*.

Therefore, the facts of the cases cited by the Court of Appeals to support its opinion are a far cry from the facts of Appellee's case. Appellee had orderly clothing, normal balance, normal speech, and cooperated with Stephens. The magistrate's probable cause determination in the case before this Court was merely a ratification of Stephens's conclusions, which is a violation of the Fourth Amendment. *See Illinois v. Gates*, 462 U.S. at 239. The facts of Appellee's case tilt the balance towards a finding of a lack of probable cause.

One case in particular where a reviewing court found that there was no probable cause for a search warrant is *Farhat v. State*, 337 S.W.3d 302 (Tex. App.

Fort Worth 2011), where in the search warrant affidavit, the officer claimed that the defendant was driving approximately 30 miles an hour in a 40-mile-per-hour zone, was weaving from side to side for about a half a mile, and then turned on the right turn signal and crossed over the left lane into a parking lot. *Id*. at 304. The officer saw two pill bottles in the vehicle, and the defendant refused to perform any SFSTs. *Id*. There was much more evidence of intoxication in *Farhat* than in Appellee's case, yet the Court of Appeals reversed the trial court's denial of the defendant's motion to suppress. *Id*. at 309-310.

In fact, Appellee's case is similar to one where law enforcement claims that the defendant was engaged in some criminal activity or violation that is not actually a crime or violation. *See, e.g.*, *State v. Davis*, No. 03-06-00490-CR, 2007 Tex. App. LEXIS 2693 (Tex. App. Austin, April 6, 2007) (Memorandum Opinion) (probable cause affidavit alleged that the defendant was stopped because he was "chirping" and "squealing" the tires of the vehicle, but there is no statute or ordinance prohibits the "chirping" or "squealing" of a vehicle's tires). Just as the officer in *Davis* claimed the seizure of the defendant was due to alleged criminal activity that was not actually criminal activity, Stephens's seizure of Appellee was based upon a misrepresentation or unreasonable misunderstanding of law that Stephens is expected to know.

Thus, under the totality of the circumstances set forth in the affidavit before

the magistrate, there was no probable cause to conclude that contraband or evidence of a crime will be found in the boat or on Appellee's person, and the magistrate did not have a substantial basis for concluding that probable cause existed. And, when considering the combined logical force of the facts contained in the search warrant affidavit, the affidavit does not contain sufficient facts or a substantial basis to provide the magistrate probable cause to issue the search warrant. As a result, this Court should grant discretionary review. *See* Tex. Rule App. Proc. 66.3(a) (2014).

## IX. Conclusion and Prayer

For the reasons stated in this petition, Appellee respectfully prays that this Court grant discretionary review, reverse the opinion and judgment of the Court of Appeals, and affirm the trial court's granting of the motion to suppress.

Respectfully submitted,

Michael Mowla
445 E. FM 1382 #3-718
Cedar Hill, Texas 75104
Phone: 972-795-2401
Fax: 972-692-6636
Email: michael@mowlalaw.com
Texas Bar No. 24048680
Attorney for Appellee

**/s/ Michael Mowla**
By: Michael Mowla

## X. Certificate of Service

This certifies that on December 24, 2014, a true and correct copy of this document was served on Michael Casillas and Lisa Smith of the District Attorney's Office, Dallas County, Appellate Division, by email to michael.casillas@dallascounty.org and to lisa.smith@dallascounty.org, and on Lisa McMinn, the State Prosecuting Attorney, by email to Lisa.McMinn@spa.texas.gov, and John Messinger, Assistant State Prosecuting Attorney, by email to john.messinger@spa.state.tx.us. *See* Tex. Rule App. Proc. 9.5 (2014) and Tex. Rule App. Proc. 68.11 (2014)

**/s/ Michael Mowla**
By: Michael Mowla

## XI. Certificate of Compliance with Tex. Rule App. Proc. 9.4

This certifies that this document complies with the type-volume limitations because this document is computer-generated and does not exceed 4,500 words. Using the word-count feature of Microsoft Word, the undersigned certifies that this document contains 3,018 words in the document *except* in the following sections: caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix. This document also complies with the typeface requirements because it has been prepared in a proportionally-spaced typeface using 14-point font. *See* Tex. Rule App. Proc. 9.4 (2014).

**/s/ Michael Mowla**
By: Michael Mowla

# APPENDIX 1

No *Shepard's* Signal™
As of: November 13, 2014 3:52 PM EST

# *State v. Moore*

Court of Appeals of Texas, Fifth District, Dallas

October 30, 2014, Opinion Filed

No. *05-14-00123-CR*

**Reporter**
2014 Tex. App. LEXIS 11979

THE STATE OF TEXAS, Appellant v. JESSICA RUTH MOORE, Appellee

**Notice:** PLEASE CONSULT THE TEXAS RULES OF APPELLATE PROCEDURE FOR CITATION OF UNPUBLISHED OPINIONS.

**Prior History:** [*1] On Appeal from the County Criminal Court No. 2, Dallas County, Texas. Trial Court Cause No. MB13-50157.

## Core Terms

probable cause, blood, boat, safety inspection, alcohol, smell, search warrant, trial court, fire extinguisher, intoxicated, appellee's, pin, suppression motion, probable, vessel, pet

## Case Summary

### Overview
HOLDINGS: [1]-The trial court erred by granting defendant's motion to suppress the results of her blood test, because the game warden's stop of her boat for a random safety inspection, including the fire extinguisher, was specifically authorized by *Tex. Parks & Wild. Code Ann. §§ 31.124*, *31.067* (2002); [2]-The game warden's affidavit in support of a search warrant stated he noticed a package of beer cans on the floor of the boat, he smelled alcohol on defendant, and she was unable to operate the buckle or replace the pin on the extinguisher; [3]-Probable cause existed for the issuance of a warrant under *Tex. Code Crim. Proc. Ann. art. 18.01*, because the magistrate had a substantial basis for concluding that defendant's blood sample would uncover evidence of wrongdoing.

### Outcome
Order reversed.

## LexisNexis® Headnotes

Constitutional Law > ... > Fundamental Rights > Search & Seizure > Probable Cause

Constitutional Law > ... > Fundamental Rights > Search & Seizure > Warrants

Criminal Law & Procedure > ... > Search Warrants > Affirmations & Oaths > General Overview

Criminal Law & Procedure > Search & Seizure > Search Warrants > Particularity Requirement

Criminal Law & Procedure > ... > Search Warrants > Probable Cause > Totality of Circumstances Test

*HN1* Under *Tex. Code Crim. Proc. Ann. art. 18.01*, a search warrant may be obtained from a magistrate only after submission of an affidavit setting forth substantial facts establishing probable cause. Probable cause exists if, under the totality of the circumstances set forth in the affidavit, there is a fair probability that evidence of a crime will be found in a particular place at the time the warrant is issued.

Criminal Law & Procedure > Preliminary Proceedings > Pretrial Motions & Procedures > Suppression of Evidence

Criminal Law & Procedure > ... > Standards of Review > Deferential Review > Credibility & Demeanor Determinations

Evidence > Types of Evidence > Documentary Evidence > Affidavits

Criminal Law & Procedure > ... > Standards of Review > De Novo Review > Conclusions of Law

Criminal Law & Procedure > ... > Standards of Review > De Novo Review > Motions to Suppress

*HN2* The appellate court typically applies a bifurcated standard of review to a trial court's ruling on a motion to suppress by giving almost total deference to the trial court's determinations of fact and reviewing de novo the trial court's application of law. However, where a motion to suppress is based solely on a magistrate's decision to issue a warrant, there are no credibility determinations to which the appellate court must defer because the trial court is constrained to the four corners of the affidavit.

Criminal Law & Procedure > ... > Standards of Review > De Novo Review > General Overview

Criminal Law & Procedure > ... > Standards of Review > Deferential Review > General Overview

Constitutional Law > ... > Fundamental Rights > Search & Seizure > Probable Cause

Constitutional Law > ... > Fundamental Rights > Search & Seizure > Warrants

Criminal Law & Procedure > Search & Seizure > Search Warrants > Issuance by Neutral & Detached Magistrate

*HN3* On review of the magistrate's issuance of a warrant, the appellate court does not use a de novo standard of review; the appellate court applies a highly deferential standard to review the magistrate's decision to issue a warrant because of the constitutional preference for searches to be conducted pursuant to a warrant as opposed to a warrantless search. In doubtful or marginal cases, the magistrate's determination should prevail. The magistrate may interpret the affidavit in a non-technical, common-sense manner and may draw reasonable inferences from the facts and circumstances contained within its four corners. The duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.

Criminal Law & Procedure > Search & Seizure > Warrantless Searches > Investigative Stops

Criminal Law & Procedure > ... > Warrantless Searches > Stop & Frisk > Reasonable Suspicion

Constitutional Law > ... > Case or Controversy > Constitutionality of Legislation > General Overview

Environmental Law > Natural Resources & Public Lands > General Overview

Governments > Public Lands > State Parks

*HN4* A game warden may randomly stop a boat, board it, and conduct a safety inspection. *Tex. Parks & Wild. Code Ann. § 31.124* (2002). *Section 31.124* is constitutional in its provision that an officer may stop and board a boat without probable cause or reasonable suspicion to perform a water safety check. *Tex. Parks & Wild. Code Ann. § 31.124(a)* authorizes enforcement officers to stop and board boats, without probable cause or reasonable suspicion, for the purpose of performing a water safety check. In addition to many other items, a game warden's safety inspection may include fire extinguishers. *Tex. Parks & Wild. Code Ann. § 31.067* (2002).

**Counsel:** For Appellants: Michael Casillas, Craig Watkins, Dallas, TX.

For Appellees: Michael Mowla, Cedar Hill, TX.

**Judges:** Before Justices Bridges, Lang, and Evans. Opinion by Justice Evans.

**Opinion by:** DAVID EVANS

## Opinion

**MEMORANDUM OPINION**

Opinion by Justice Evans

The State of Texas appeals the trial court's decision to grant appellee Jessica Moore's motion to suppress. In a single issue, the State contends that there were sufficient facts in the search warrant affidavit to provide the issuing magistrate with probable cause for issuing a search warrant so the trial court erred when it granted the motion to suppress. Finding merit in the State's argument, we reverse the trial court order granting the motion to suppress.

BACKGROUND

On June 27, 2013, Officer Michael Stephens of the Texas Parks and Wildlife Department was conducting water safety inspections on Lake Ray Hubbard. Officer Stephens summarizes one such inspection as follows:

On or about 27 June 2013 at approximately 1000, I was conducting water safety inspections on Lake Ray Hubbard, in Dallas county [*sic*], when I noticed that a vessel was underway and had the harbor lights on the vessel. As we approached the vessel, a flashlight was used to identify the driver of the **[*2]** vessel who was a white female with blonde hair. There was a male passenger on board as well. During the inspection I observed a package of Budweiser lime flavored beer cans in the floor of the vessel and the smell of alcohol on the defendant. During the water safety inspection, the defendant could not locate the fire extinguisher which was located at her feet and after I pointed out where the extinguisher was located, she could not operate the single plastic buckle in the center of the harness. After she removed the fire extinguisher, she removed the safety pin, and made numerous attempts to place the pin back on the safety slot on the handle of the extinguisher. She was unable to place the safety pin back and I ask [*sic*] for the extinguish [*sic*] and was able to put the pin back in place. During the attempts to insert the safety pin, I was able to smell a

strong odor of alcohol from the defendant and was approximately 2 feet away from the defendant during this evolution. At the completion of the water safety inspection the suspect admitted to operating the watercraft and I then asked her how much she had to drink, in which she stated she had one drink. I then asked the suspect if she [*3] would perform the Standardized Field Sobriety Test, which she refused. At that time the suspect was transferred to the patrol watercraft and escorted to the Bay view Marina. Once on the shore and during transport to the county jail I again detected the strong smell of alcohol. I placed the suspect under arrest and transported the suspect to the Dallas County Detention Center and was booked for Boating While Intoxicated.[1]

The affidavit also includes the following observations about appellee by Officer Stephens: (1) her clothing was "orderly"; (2) her balance was "normal"; (3) her speech was "normal"; (4) her walking was "heavy footed"; (5) her eyes were "red and watering"; (6) the smell of alcohol on her breath was "strong"; and (7) her attitude was "cooperative." Appellee also refused to provide a sample of her breath or blood. Based upon Officer Stephens's observations and the facts described above and his experience and training, he arrested appellee for Boating While Intoxicated. Officer Stephens then utilized the above-described facts to obtain a search warrant for a blood sample. On June 27, 2013, a magistrate judge determined that probable cause existed for the issuance of a search [*4] warrant. Appellee was subsequently arrested for the offense of boating while intoxicated. Appellee filed a motion to suppress the blood test results and the trial court granted the motion stating that there were not enough facts and circumstances set forth to establish the existence of probable cause to get a warrant for appellee's blood. The State then filed a notice of appeal.

ANALYSIS

In its sole issue, the State contends that the evidence was sufficient to provide the issuing magistrate with probable cause for issuing a search warrant so the trial court erred when it found the contrary and granted the motion to suppress. We agree.

HN1 Under *Article 18.01 of the Code of Criminal Procedure,* a search warrant may be obtained from a magistrate only after submission of an affidavit setting forth substantial facts establishing probable cause. *State v. Jordan, 342 S.W.3d 565, 568 (Tex. Crim. App. 2011)*. Probable cause exists if, under the totality of the circumstances set forth in the affidavit, there is a fair probability that evidence of a crime will be found in a particular place at the time the warrant is issued. *Id. at 568-69*.

HN2 We typically apply a bifurcated standard of review to a trial court's [*5] ruling on a motion to suppress by giving almost total deference to the trial court's determinations of fact and reviewing *de novo* the trial court's application of law. *State v. McLain, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011)*. However, where, as here, a motion to suppress is based solely on a magistrate's decision to issue a warrant, there are no credibility determinations to which we must defer because the trial court is constrained to the four corners of the affidavit. *See State v. Webre, 347 S.W.3d 381, 384 (Tex. App.—Austin 2011, no pet.)*. Nevertheless, HN3 we do not use a *de novo* standard of review; we apply a highly deferential standard to review the magistrate's decision to issue a

---

[1] This information is contained in the Affidavit for Search Warrant to enable Officer Stephens to obtain a blood sample.

warrant because of the constitutional preference for searches to be conducted pursuant to a warrant as opposed to a warrantless search. *McLain, 337 S.W.3d at 271*; *see Illinois v. Gates, 462 U.S. 213, 236, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983)*. In doubtful or marginal cases, the magistrate's determination should prevail. *Hogan v. State, 329 S.W.3d 90, 94 (Tex. App.—Ft. Worth 2010, no pet.)* (citing *Flores v. State, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010))*. The magistrate may interpret the affidavit in a non-technical, common-sense manner and may draw reasonable inferences from the facts and circumstances contained within its four corners. *Jordan, 342 S.W.3d at 569*. The duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Flores, 319 S.W.3d at 702*.

Appellee argues that the affidavit did not provide a substantial basis **[*6]** for the magistrate to find probable cause to issue a search warrant. As an initial matter, appellee contends that the game warden did not have probable cause or reasonable suspicion to stop and inspect the boat. *HN4* A game warden, however, may randomly stop a boat, board it, and conduct a safety inspection. *See TEX. PARKS & WILD. CODE ANN. § 31.124* (West 2002); *Schenekl v. State, 30 S.W.3d 412, 413 (Tex. Crim. App. 2000)* (holding that *section 31.124* is constitutional in its provision that an officer may stop and board a boat without probable cause or reasonable suspicion to perform a water safety check); *State v. Luxon, 230 S.W.3d 440, 449 (Tex. App.—Eastland 2007, no pet.)* ("*Section 31.124(a)* authorizes enforcement officers to stop and board boats, without probable cause or reasonable suspicion, for the purpose of performing a water safety check."). In addition to many other items, a game warden's safety inspection may include fire extinguishers. *See TEX. PARKS & WILD. CODE ANN. § 31.067* (West 2002); *Schenekl, 30 S.W.3d at 415*. Here, the game warden's affidavit stated he stopped appellee's boat to conduct a random safety inspection and then describes his observations of appellee regarding the fire extinguisher when he sought to inspect it. The game warden's stop for a random safety inspection, including the fire extinguisher, is specifically authorized by Texas law. We overrule appellee's **[*7]** first contention.

In regard to the sufficiency of the game warden's affidavit to authorize a blood draw, Officer Stephens stated that (1) he noticed a package of beer cans on the floor of the boat, (2) he smelled alcohol on the appellee, and (3) the smell of alcohol on her breath was "strong." The affidavit further notes that appellee was unable to locate the fire extinguisher despite the fact that it was located at her feet and then appellee was unable to operate the buckle or replace the pin on the extinguisher. Appellee also admitted to having one drink and refused to perform the standardized field sobriety test. Officer Stephens noted in his affidavit that appellee was "heavy footed" when she walked and her eyes were "red" and "watering." Finally, Officer Stephens stated in his affidavit that he had seen "intoxicated persons on many occasions in the past" and that, "based on all of [his] experience and training," he had determined that appellee was intoxicated. Under the totality of the circumstances and given the deferential standard by which we review—and the trial court should have reviewed—a magistrate's probable cause determination, we conclude that probable cause existed for **[*8]** the issuance of the warrant because the magistrate had a substantial basis for concluding that appellee's blood sample would uncover evidence of her wrongdoing. *See Campos v. State, 623 S.W.2d 657, 660 (Tex. Crim. App. 1981)* (evidence sufficient to demonstrate intoxication where defendant smelled of beer, had "thick-tongued" speech, and was unsteady on his feet); *Kelly v. State, 413 S.W.3d 164, (Tex. App.—Beaumont 2012, no pet.)* (affidavit sufficient to establish probable cause where driver failed to signal, had strong odor of alcohol, slurred speech,

unsure in balance, refused some field sobriety tests, and failed the test that was performed); *Foley v. State, 327 S.W.3d 907, 912 (Tex. App.—Corpus Christi 2010, pet. ref'd)* (facts stating that defendant smelled strongly of alcohol, had red and glassy eyes, slurred speech, was geographically disoriented, poor balance and refused to provide a breath or blood sample were sufficient to establish probable cause). Accordingly, we conclude the trial court erred in granting appellee's motion to suppress and we sustain the State's issue.

CONCLUSION

Having sustained the State's sole issue on appeal, we reverse the trial court's order suppressing the results of appellee's blood test and remand for further proceedings consistent with this opinion.

/David Evans/

DAVID EVANS

JUSTICE

Do Not Publish

*TEX. R. APP. P. 47*

**JUDGMENT**

Based on the Court's opinion of this **[*9]** date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this 30th day of October, 2014.